OTIS S. COOK *vs.* BERTHA A. C. MOSHER.

Bristol.    October 23, 24, 1922. — November 28, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Probate Court*, Appeal, Jury issue.

It is proper for a judge of the Probate Court to hear a motion, by one contesting
the allowance of the will, for the framing of jury issues for trial by a jury in
the Superior Court, upon a statement of the counsel for the contestant as to
the facts which he expects to prove, and, on an appeal from a decree framing
issues, such statement properly may be reported to this court in lieu of evidence
taken under G. L. c. 215, § 18.

An appeal from a decree of the Probate Court ordering certain issues, relating to
whether a will was procured to be executed by fraud or undue influence of the
petitioner for its allowance, who was named therein as executor, to be tried
by a jury in the Superior Court, where it appeared that a motion for issues
was heard upon a statement of counsel for the contestant, which was taken
down by a stenographer appointed by the judge under G. L. c. 215, § 18, as
to evidence which he expected to offer, stands in this court as does an appeal
from a decree entered by a judge in a suit in equity with a full report of the
evidence, brings before this court questions of fact as well as of law, and requires
the court to examine the evidence, to reach its own conclusion as to the facts,
and to decide the case according to its own judgment, giving due weight to
findings made by the judge of the Probate Court.

While, upon an appeal of the character above described, the statement of counsel
does not stand on the same footing as oral testimony by witnesses, because
it does not afford opportunity to test credibility of witnesses by seeing face
to face their manner of giving testimony, nevertheless this court ordinarily
will not reverse an order of a probate judge respecting the framing of issues
for a jury where it is supported by statements of expected proof.

Upon the hearing in the Probate Court of a motion, by one contesting the proof
of an alleged will, for issues to be framed and sent to the Superior Court for
trial by jury, the judge is not required to grant a request of the petitioner for
proof of the will that the motion be heard upon testimony of witnesses and
not upon statements of counsel for the contestant as to what he expects to
prove, but in his discretion he may rely upon positive statements of reputable
counsel concerning the nature of evidence within his knowledge: in cases of
doubt the judge may require the examination of witnesses.

A motion for jury issues, relating to whether an alleged will of an unmarried
woman over eighty years of age was procured to be executed by fraud or
undue influence of the only surviving nephew of the testatrix, who was named as
executor, was presented by a grandniece of the testatrix, whose father during
his life had been the intimate and confidential adviser of the testatrix and who
under the alleged will was given $15,000 out of an estate of $2,000,000, while
nieces and the nephew of the testatrix were made sole beneficiaries under a

residue clause, the will reciting that "no further bequest for" the contestant's "benefit" was made because the testatrix believed that she was "to have ample financial means for her comfort." The motion was heard upon statements of counsel, taken down by a stenographer appointed under G. L. c. 215, § 18, and a decree was entered framing issues. Upon an appeal from the decree, it was *held,* that, while the evidence offered by the contestant was not of great strength, it was enough to indicate a real question proper for judicial inquiry and not one unfounded in law arising from the disappointment or anger of a dissatisfied heir, who might hope to induce the legatees to buy a settlement to avoid the threat of trouble and expense to the estate, so that it could not quite be said that there was not raised a genuine and doubtful question of fact to be decided.

The decree of the Probate Court above described submitted for the jury an issue, whether the alleged will was procured to be made "in whole or in part by the fraud or undue influence of" the nephew of the testatrix, "and if in part, what part," and it was *held,* that there were no circumstances which justified the issue as to a part only of the will, so that the issue was ordered modified by leaving out reference to a part of the will.

Upon an appeal from a decree framing issues relating to whether an alleged will and a codicil were procured to be made by fraud or undue influence of a nephew of the testatrix, it was *held* that it did not appear that issues as to the will and as to the codicil could not be kept distinct in a single trial, and therefore that the situation disclosed did not require separate trials of those issues.

PETITION, filed in the Probate Court for the county of Bristol on January 10, 1922, for probate of an alleged will and codicil of Sarah E. Seabury, late of New Bedford.

Bertha A. C. Mosher, a grandniece of the alleged testatrix, opposed the petition and filed a motion that the following issues be framed for trial by jury in the Superior Court:

"1. Was the instrument of January 17, 1919, propounded for probate as the last will of Sarah E. Seabury, executed according to law?

"2. Did the said Sarah E. Seabury execute said instrument with the understanding and purpose that it should be her last will and testament?

"3. Were the paragraphs in said alleged will, numbered 2, procured to be made through the fraud or undue influence of Otis Seabury Cook? [These paragraphs nominated the petitioner to be executor without sureties, and gave him large discretionary powers.]

"4. Were the following paragraphs, numbered 6 in said alleged will, procured to be made through the fraud or undue influence of Otis Seabury Cook? 'I give the further sum of ten thousand dollars to my grand-niece Bertha A. C. Mosher which sum I

should have bequeathed to her father, my nephew Clarence A. Cook, if living. Because I believe that said Bertha A. C. Mosher is to have ample financial means for her comfort, I make no further bequest for her benefit.'

"5. Was paragraph, numbered 10, in said alleged will procured to be made through the fraud or undue influence of Otis Seabury Cook? [This paragraph directed the division of the residue of the estate among the nieces and nephew of the testatrix.]

"6. Was the said alleged will procured to be made through the fraud or undue influence of Otis Seabury Cook?

"7. Was the instrument of August 5, 1921, executed according to law?

"8. Did the said Sarah E. Seabury execute the said instrument of August 5, 1921, and offered for probate as a codicil to the alleged will dated January 17, 1919, with the understanding and purpose that it should be her last will and testament?

"9. Was paragraph 3 in said alleged codicil procured to be made through the fraud or undue influence of Otis Seabury Cook? [This paragraph revoked bequests of $1,000 to Ward Academy and Berea College.]

"10. Was the said alleged codicil procured to be made through the fraud or undue influence of Otis Seabury Cook?"

The motion was heard by *Hitch,* J., a stenographer having been appointed under G. L. c. 215, § 18. No evidence was heard, but counsel for the contestant and for the petitioner, respectively, made extended statements.

By order of the judge a decree was entered ordering that the following issues be tried by jury in the Superior Court:

"First Issue. Was the instrument now propounded for probate as the last will of Sarah E. Seabury, late of New Bedford in said County of Bristol, deceased, procured to be made in whole or in part by the fraud or undue influence of Otis Seabury Cook and, if in part, what part?

"Second Issue: Was the instrument now propounded for probate as a codicil to the alleged will of said Sarah E. Seabury procured to be made in whole or in part by the fraud or undue influence of Otis Seabury Cook, and if in part, what part?"

The petitioner appealed from the foregoing order, and alleged as grounds of appeal the following:

"1. Because the court declined, although requested by the petitioner, to require any evidence in support of the claims as entered by the contestant through her counsel.

"2. Because no sufficient evidence was shown to the court to justify the framing of the first issue.

"3. Because no sufficient evidence was shown to the court to justify the framing of the second issue.

"4. Because the form of the issues directed by the Probate Court is contrary to the settled practice in such cases and no sufficient evidence or occasion was shown to justify the framing of the issues in the form directed by the court."

*F. W. Knowlton & C. F. Choate, Jr.,* for the petitioner.

*J. W. Cummings,* (*J. T. Kenney & J. B. Cummings* with him,) for the contestant.

RUGG, C.J. This is a petition for the allowance of the will and codicil of Sarah E. Seabury, late of New Bedford. One of her heirs at law appeared in opposition to the probate of the will and filed a motion for the framing of issues to be tried by a jury. The motion was heard before the judge of probate upon statements by counsel for the contestant as to evidence which he expected to be able to offer upon the trial of issues if framed. These statements were taken stenographically and a decree was entered framing two issues. The executor's appeal brings the case before us.

1. The case is rightly before us on a stenographic report of the statement of counsel for contestant as to the evidence within his knowledge and control. To receive such statement was in accordance with proper practice in a case like the present. It may rightly be reported in lieu of evidence under G. L. c. 215, §§ 9, 12, 18. *Cummins* v. *McCawley,* 241 Mass. 427. See *Dwyer* v. *Dwyer,* 239 Mass. 188.

2. A probate appeal of this nature, where the evidence or statements of counsel received and accepted in lieu of evidence are reported, stands before this court precisely as does an appeal from a decree entered by a judge in equity with full report of the evidence. Such an appeal brings before this court questions of fact as well as of law. It is the duty of this court to examine the evidence, to reach its own conclusion as to the facts, and to decide the case according to its own judgment, giving due weight

to the finding of the judge. But a finding made by him after a hearing in which witnesses have testified orally before him will not be reversed unless plainly wrong. *Lindsey* v. *Bird,* 193 Mass. 200. *Hayes* v. *Penn Mutual Life Ins. Co.* 222 Mass. 382, 385. *Martell* v. *Dorey,* 235 Mass. 35, 40. This rule rests upon the ground that observation of a witness testifying in person before him enables a presiding magistrate to weigh the value of evidence better than can an appellant tribunal knowing only what is revealed by the printed transcript of testimony. An appeal from a decree based on statements of counsel of what he expects to prove is nearly on the same footing as an appeal in equity where the evidence is documentary, and the appellate court stands where the judge who heard the case stood in respect to the inferences to be drawn. *Harvey-Watts Co.* v. *Worcester Umbrella Co.* 193 Mass. 138. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 333. Manifestly the statement of counsel does not stand on the same footing as oral testimony by witnesses, because it does not afford opportunity to test credibility of witnesses by seeing face to face their manner of giving testimony. Nevertheless, this court ordinarily will not reverse an order of a probate judge respecting the framing of issues for a jury where supported by statements of expected proof.

3. The executor requested the probate judge at the hearing to take the testimony of the witnesses and not to accept statements of counsel for contestant respecting what he expected to prove. A judge of probate is not required to receive testimony in a formal way in a case like the present. He may rightly rely upon positive statements of reputable counsel concerning the nature of evidence within his knowledge; but in cases of doubt he may require the examination of witnesses. The permissible practice is set out at length in *Fuller* v. *Sylvia,* 240 Mass. 49, 53, and need not be repeated.

4. The facts in the statement of contestant's counsel included these: The testatrix was a spinster more than eighty years old, who, although of sound mind, had the weaknesses and infirmities naturally incident to one of her age. She had lived for many years upon terms of exceeding intimacy with an unmarried sister, by whose death in 1914 she was affected. Her then remaining immediate relatives were another sister, Mrs. Cook, and her chil-

dren, among whom were the petitioner and Clarence A. Cook. The latter was the intimate and confidential adviser of the alleged testatrix. The relations between them were sympathetic and affectionate. For twenty-five years she relied upon his advice and assistance in every matter with which she had to deal. Her relations with his family, including his daughter who is the contestant, were most friendly. He died about the first of January, 1919, and the alleged testatrix was sensibly disturbed and distressed. Sixteen or seventeen days later the alleged will was signed. To the contestant, the daughter and only child of Clarence A. Cook, she gave an aggregate of $15,000 out of an estate of about $2,000,000, adding, "Because I believe that said Bertha A. C. Mosher is to have ample financial means for her comfort, I make no further bequest for her benefit." Shortly before the death of Clarence A. Cook she had said that she had made a will dividing her estate among her nephews and nieces in equal shares. In 1918 she had distributed $235,000 equally among her nephews and nieces, the manual delivery to the beneficiaries being made by the petitioner, who was also her nephew and a brother of Clarence A. Cook. She had said repeatedly that the petitioner was pestering her for money, that he was insisting that his income was inadequate to support himself, and that this particular distribution was made because of his insistence. She expressed a desire that he know as little of her business as possible, and that the petitioner thought she was not competent to manage her affairs and wanted to take them out of her hands and manage them himself. He was given a key to her home so that he could go in and out at his pleasure, and had the key to her safe deposit box. The will was dictated by the petitioner and was drafted in his office and he was one of the principal beneficiaries and was named executor of the will without sureties.

After the execution of the will and before the execution of the codicil there was said to be continuance of relations of influence by the petitioner in the management of the affairs of the deceased.

The salient features of this statement of proposed proof have been given baldly without some of the setting naturally incident to it, which might affect it in one way or another, and without intending to pass upon any doubtful questions of evidence. These are left to be dealt with at the trial.

While this statement of evidence is not of great strength, it is enough to indicate a real question proper for judicial inquiry and not one unfounded in law arising from the disappointment or anger of a dissatisfied heir, who may hope to induce the legatees to buy a settlement to avoid the threat of trouble and expense to the estate. It cannot quite be said that there is not raised a genuine and doubtful question of fact to be decided. *Shailer* v. *Bumstead,* 99 Mass. 112. *Neill* v. *Brackett,* 234 Mass. 367, and the cases there collected. The case on this point comes within the principle declared in *Fuller* v. *Sylvia,* 240 Mass. at page 53.

5. There is error in the form of the issues as framed. They raised the question whether the will or codicil were procured to be made in whole or in part through the fraud or undue influence of Otis Seabury Cook, and if in part, in what part. There are no circumstances which justify the issue as to undue influence as to a part only. This form of issue is to be granted only in rare instances where special circumstances require. The case at bar is quite distinguishable from *Old Colony Trust Co.* v. *Bailey,* 202 Mass. 283, and *Rowe* v. *Collamore,* 238 Mass. 15. It comes within the general rule stated in *Fuller* v. *Sylvia,* 240 Mass. at page 55.

6. The situation here disclosed does not require separate trials of the issue as to the will and as to the codicil. It does not appear that the issues cannot be kept distinct in a single trial. See *Shailer* v. *Bumstead,* 99 Mass. 112, 131, 132.

The decree framing the issues is to be modified by striking out the parts relating to undue influence as to a part of the will and of the codicil, and as thus modified is

*Affirmed.**

---

* The rescript which this opinion accompanied directed that the decree of the Probate Court be "modified so as to read in the part concerning issues as follows: First Issue: Was the instrument now propounded for probate as the last will of Sarah E. Seabury, late of New Bedford in said County of Bristol, deceased, procured to be made by the fraud or undue influence of Otis Seabury Cook? Second Issue: Was the instrument now propounded for probate as a codicil to the alleged will of said Sarah E. Seabury procured to be made by the fraud or undue influence of Otis Seabury Cook?"