ISAIAH R. CLARK, executor, *vs.* MURDOCK H. MCNEIL & others.

Suffolk.    March 20, 21, 1923. — September 14, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Probate Court,* Framing of jury issues, Rehearing after interlocutory decree, Appeal, Report.

Statement in *Fuller* v. *Sylvia,* 240 Mass. 49, 52, 53, of the principles by which the Probate Court must be governed in reaching a decision on a motion for jury issues, reaffirmed.

There is an element of discretion in action by a judge of the Probate Court upon a motion for the framing of jury issues which has been heard by him upon statements by counsel as to expected evidence; and, upon an appeal from a decree entered upon such a motion, the matter is not dealt with as one of first impression in this court, but such weight is attributed to the decision of the judge of the Probate Court as it seems entitled to in the light of the whole record and of the duty imposed on the judge by G. L. c. 215, § 16, to act upon such motions "in accordance with the practice established by the Supreme Judicial Court in like cases."

Upon an appeal from the denial by a judge of the Probate Court of a motion for the framing for trial by jury of issues relating to the validity of an alleged will, where it appeared that the motion was heard upon statements of counsel as to expected evidence, it was *held,* that, although the question, whether real and genuine questions of fact on the issues of soundness of mind of the decedent and of undue influence were made out, was a close one and the statements of counsel were of such nature that this court would not have been inclined to set aside an order granting the issues, nevertheless on the whole record the order denying the motion ought not to be reversed.

A motion in the Probate Court for a rehearing of a motion for the framing of issues for a jury has no standing as a matter of right.

A judge of the Probate Court as a matter of discretion may entertain a motion for a rehearing of a motion, denied by him, for the framing of jury issues, so long as the matter remains in the Probate Court, if he is of opinion that such a rehearing is required by justice.

After the denial by a judge of the Probate Court of a motion for the framing of jury issues, the moving party filed a motion for a rehearing. Subsequently he appealed from the order denying the original motion. The judge then heard the motion for rehearing and entered an order continuing it until after the final determination of the appeal. At the same time, he ruled that, after the appeal had been fully disposed of, he would have the right in his discretion to entertain and to grant or to deny a motion for rehearing. He then reported the " questions involved " to this court for determination. *Held,* that

(1) It was open to doubt, whether the anticipatory ruling as to the power of the Probate Court after the disposition of the appeal was a proper matter for report, even when made in connection with the interlocutory order;

(2) The decision of the Probate Court having come before this court for review, there could not be further review of it by the Probate Court in the light of the same evidence after a mandate from this court;

(3) If there were evidence, newly discovered since the denial of the motion to frame issues and of sufficient importance and substantiality, the Probate Court, even after mandate of this court, would have jurisdiction of a motion for rehearing.

PETITION, filed in the Probate Court for the County of Suffolk on December 7, 1921, for proof of an alleged will of Neil McNeil, late of Boston.

Next of kin contesting the will filed a motion that the following issues be framed for trial by jury in the Superior Court:

" 1. Was the instrument purporting to be the last will of said Neil McNeil dated January 6, 1920, executed according to law?

" 2. Was the said Neil McNeil at the time. of the execution of the said alleged will of sound mind?

" 3. Was the execution of said alleged will of said Neil

McNeil, procured by the fraud or undue influence of Hugh P. McPherson, James J. Tompkins, Rory McInnis and Isaiah R. Clark or any of them, exercised upon the said Neil McNeil? "

The motion was heard by *Prest,* J., a stenographer having been appointed under G. L. c. 215, § 18. No evidence was heard, but counsel for the contestants and for the petitioner, respectively, made extended statements.

The motion for jury issues was denied on July 26, 1922. On August 3, 1922, the contestants filed a motion for a rehearing. On August 14, 1922, they filed a claim of appeal from the order denying the motion to frame issues. The motion for a rehearing came on to be heard on August 22, 1922, at which time the contestants filed the following requests for rulings:

" 1. The Probate Court, having denied a motion for jury issues, has power, upon motion for rehearing and to set aside said order, to revoke its said order.

" 2. The Probate Court has the same power as other courts of general jurisdiction to revoke its interlocutory orders and decrees.

" 3. A court of general jurisdiction may reconsider and revise its interlocutory orders and decrees at any time before entry of final decree.

" 4. The fact that an appeal from the court's order denying jury issues has been filed in the Probate Court does not take away the court's power to grant a rehearing upon the motion for jury issues.

" 5. Where counsel for the contestants of a will, upon a motion for jury issues, presents a statement of facts which contestants expect to prove at the trial, and the court does not suggest to counsel or require counsel to produce witnesses, the court must treat counsel's statement as truthful, and the sole question is, whether or not proof of the facts stated would constitute a *prima facie* case.

" 6. Where counsel for the contestants of a will, upon a motion for jury issues, presents a statement of facts which contestants expect to prove at the trial, and the court does not suggest to counsel or require counsel to produce wit-

nesses, the court must treat counsel's statement as truthful, and the sole question is, whether or not statement of counsel shows that there is a genuine issue of fact to be tried."

Following a hearing, the judge took the motion for rehearing under advisement, and on November 13, 1922, caused the following order to be entered: " The within motion having been considered by the court, it is ordered that the hearing and determination of the same be continued until the final determination of the appeal taken from the order of this court denying the original motion for jury issues."

On December 21, 1922, the judge reported the case to this court. The report, after reciting the foregoing motions and decrees, contained the following:

" Thereafter upon consideration of said motion for rehearing, I ruled that the Probate Court can and properly should continue the motion for rehearing, and that the court should not hear and act on said motion on its merits until the appeal from the denial of the original motion for jury issues is finally disposed of, either by appropriate steps taken in the Probate Court for its dismissal, or by perfecting the appeal by entry in the Supreme Judicial Court and the adjudication of the same.

" I also ruled that after said appeal had been finally disposed of the Probate Court would have the right in its discretion to entertain and to grant or deny a motion for rehearing.

" I then made an order, dated November 13, 1922, continuing the hearing on said motion for rehearing until such time as the appeal from the order of this court denying the original motion for jury issues was finally disposed of.

" At the request of the contestants, and being of opinion that the matter so affects the merits of the controversy that it should be determined by the full court before further proceedings, I report the questions involved for that purpose."

*E. O. Proctor*, (*J. P. Feeney* with him,) for the respondents.

*A. W. Rockwood*, for the petitioner.

RUGG, C.J.    This is an appeal from a denial by a judge of probate of a motion for the framing of issues for trial to a

jury on a petition for the allowance of a will. The motion was heard and decided in the Probate Court on statements of counsel for the respective parties as to their expectation of evidence to be presented at a trial. These statements were taken stenographically and are reported in the record in lieu of evidence. This was proper practice in the discretion of the judge. No rulings of law are presented for examination. The motion simply was denied and an appeal taken.

The contention of the appellants is that the denial of their motion on their statement of expected evidence was so erroneous that it should be reversed and an order be entered framing issues.

The principles by which the Probate Court must be governed in reaching a decision on a motion for jury issues have recently been elaborated. *Fuller* v. *Sylvia,* 240 Mass. 49, 52, 53. Those principles were but an amplification of what had been declared in earlier decisions collected in that opinion. It would be vain to repeat or to restate them. They are reaffirmed. They must be the guide of probate judges in passing upon such motions as that here presented.

The function of this court in reviewing a decision made by the Probate Court on such a motion cannot readily be formulated in such words that it can be applied to the record of a statement of anticipated proof made by counsel with the same certainty as can standards of weights and measures to material substances. In general the practice on probate appeals to this court conforms to equity practice so far as practicable and applicable. *Churchill* v. *Churchill,* 239 Mass. 443, 445. In the recent case of *Cook* v. *Mosher,* 243 Mass. 149, reference was made, with adequate citation of authorities, to the differing practice prevailing in this court on the two classes of equity appeals, one with report of oral testimony and the other with report of evidence mainly documentary. That familiar difference need not be reëxplained. In the former class of cases this court examines the report of the evidence and reaches its own conclusion as to facts, but does not reverse a decision of a trial judge based on oral testimony unless plainly wrong,

for the reason that he, having seen the witnesses face to face, is in a better position to pass upon their credibility and the weight to be attributed to their words than an appellate court only reading the printed page. In the latter class of cases nothing depends upon the weight and credibility of testimony given orally, and the appellate court stands where the trial court stood with respect to weighing evidence and drawing inferences. It was held in *Cook* v. *Mosher* that, while a case coming, as this case does, on appeal from a decision by a Probate Court based on statements of counsel as to expected proof, was nearly on the same footing as the latter class of cases, yet this court ordinarily will not reverse an order of a probate judge respecting the framing of issues. That implies that there is an element of discretion in the action of the probate judge. While cases of this kind are nearly like equity cases coming before this court on appeal where the evidence is documentary, they are not identical and precisely the same rules of law are not applicable. Likeness does not mean sameness nor import identity of governing principles. *Houghton* v. *Field*, 2 Cush. 141, 145. *Bliss* v. *Bliss*, 221 Mass. 201, 211. Decisions made by probate judges on statements of counsel as to expected evidence are not utterly disregarded by this court, when brought here on appeal. We do not decide such a case wholly anew as if presented to us for the first time. Some weight is attributed to the decision of the probate judge. On the other hand, it is made the duty of the Probate Court by G. L. c. 215, § 16, to act upon application of parties for framing issues to a jury in will cases "in accordance with the practice established by the Supreme Judicial Court in like cases." That is a matter which in the nature of things cannot rest in the discretion of the Probate Court. It must be subject to the corrective determination of this court. Otherwise there could be no assurance of uniformity of practice in the several counties of the Commonwealth, and great diversity of view might gain foothold in different parts of the State touching the practice established by this court while exercising exclusive jurisdiction of that subject, without any means for determining what that practice was. Therefore,

decisions like *McKay* v. *Kean,* 167 Mass. 524, 526, to the effect that whether issues should be framed is a matter within the discretion of the court, are not strictly applicable. The function of this court in such appeals as described in *Cook* v. *Mosher* is as explicit as seems practicable at present. The weight to be given to the decision of the probate judge is that to which it seems entitled in the light of the whole record.

The statements of counsel in the case at bar present a close question on the point whether real and genuine questions of fact on the issues of soundness of mind of the decedent and of undue influence were made out. *Fuller* v. *Sylvia,* 240 Mass. 49. It would serve no useful purpose to narrate those statements. They were of such nature that we should not have been inclined to set aside an order granting those issues. We do not think the contrary decision ought to be reversed.

After decision had been rendered on the motion for framing of issues, motion for a rehearing of that motion was filed. Before the motion for rehearing came on to be heard, appeal from the decree denying jury issues was seasonably filed. G. L. c. 215, § 22. Thereafter, on hearing of the motion for rehearing, the judge ruled that consideration of that motion be continued until after decision on the appeal. There was no error of law in this ruling. *Hellier* v. *Loring,* 242 Mass. 251, 254.

He also ruled in that connection that, after that appeal should be disposed of, he had the right to entertain and grant or deny a motion for rehearing. It is open to doubt whether such an anticipatory ruling may be reported even when made in connection with an interlocutory order. *Agoos* v. *Cosmopolitan Trust Co.* 241 Mass. 103. Without pausing to pass upon that question, we express our views on the ruling.

A motion for a rehearing of a motion to frame jury issues has no standing as matter of right. Nevertheless, it may be entertained if the judge thinks that it is required by justice. The court has power to reconsider its decision on the same facts, although this power is and ought to be exercised only

rarely.   The rendition of a judicial decision imports a settled
conviction founded on deliberation, weighing of evidence,
and investigation of law.   While there may be " trepidations
of the balance," there, ought to be no vacillation in the
scales of justice.   Nevertheless, there may arise a firm per-
suasion in the mind of a judge that error has been made and,
if so, it should be corrected.   *Waucantuck Mills* v. *Magee
Carpet Co.* 225 Mass. 31, and cases there collected.   *Cina-
mon* v. *St. Louis Rubber Co.* 229 Mass. 33, 37.   *Sallinger* v.
*Hughes*, 235 Mass. 104, 107.   There is possibility of error
by the most learned and painstaking of courts.   *Powers* v.
*Sturtevant*, 200 Mass. 519, 520.   These principles are ap-
plicable to decisions concerning interlocutory matters before
final decree or final judgment, while still within the control
of the court.

A different rule is pertinent to the ruling here reported.
Where a decision has come before the full court for review
and correction, such a decision if affirmed must stand.
There cannot be' further review of the same point in the
light of the same evidence after a mandate from this court.
It is the interest of the public that in those conditions there
be an end of litigation.   The Probate Court must abide
by the decision of this court in its further proceedings.
*Day* v. *Mills*, 213 Mass. 585, and cases collected at page
587.   *Peoples National Bank* v. *Mulholland*, 228 Mass. 152,
155.   If the order of the Probate Court should not be
affirmed, then it is conceivable that principles of law might
be stated in the decision of this court which would render
appropriate the consideration of a motion for a rehearing
of the motion to frame issues.   If, however, there is evidence,
newly discovered since the denial of the motion to frame
issues, of such importance as to have a material effect on
the question to be determined, then there is jurisdiction for
rehearing of the motion.   But such newly discovered evi-
dence ought to be so essential to a proper consideration of
the motion as to be likely to affect the substantial interests
of the parties.   See *West* v. *Platt*, 124 Mass. 353, 355, and
*Berggren* v. *Mutual Life Ins. Co. of New York*, 231 Mass. 173.

The ruling upon this point is distinguishable from that

involved in *Hellier* v. *Loring*, 242 Mass. 251, where the original decision was held to have been made rightly *ex parte* and the motion for revocation implied a hearing on the merits.

Orders affirmed.