OLD COLONY TRUST COMPANY *vs.* ABNER C. SPAULDING
& others.

Middlesex.   December 4, 1924. — December 4, 1924.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Probate Court,* Jury issues, Appeal.

It must be assumed, in the absence of anything to show the contrary, that a judge of a probate court, who heard a motion for jury issues upon testimony introduced by the respondents and caused a decree to be entered denying the motion, was guided by the principles of law already fully established by this court; and, upon an appeal by the respondents from such decree, the decree must be affirmed.

PETITION, filed in the Probate Court for the county of Middlesex on December 27, 1923, for proof of the will of Mary C. Spaulding, late of Melrose.

Three uncles of the alleged testatrix opposed the petition and filed a motion for the framing of an issue, whether the alleged testatrix was of sound mind at the time of the execution of the alleged will.

The motion was heard by *White,* J., upon testimony offered by the respondent, which was taken by a stenographer under

G. L. c. 215, § 18.   By order of the judge, a decree was entered denying the motion, and the respondents appealed.

*A. L. Millan*, for the respondents.

*T. F. Quinn*, (*J. J. Caffrey* with him,) for the petitioner.

Rugg, C.J.   This is an appeal from an order of the Probate Court denying an application to frame a jury issue on the soundness of mind of an alleged testatrix, on a petition for the allowance of a will.   The case comes before us with full report of oral evidence, together with findings of fact by the judge.   The principles of law governing a case of this nature under the existing statutes have been stated at length in numerous recent decisions.   *Fuller* v. *Sylvia*, 240 Mass. 49.   *Cook* v. *Mosher*, 243 Mass. 149.   *Clark* v. *NcNeil*, 246 Mass. 250.   *Burroughs* v. *White*, 246 Mass. 258.   *Connell* v. *Sokoll*, 247 Mass. 203.   *Old Colony Trust Co.* v. *Pepper*, 248 Mass. 263.   It must be assumed in the absence of anything to indicate the contrary that the judge in reaching his conclusion was guided by these principles.   It would serve no useful purpose to narrate or summarize the evidence.   Giving to the decision of the Probate Court only the weight to which it is entitled, it cannot be said that there was error of law in the conclusion reached therein.

*Order affirmed.*