GEORGE R. BEAL *vs.* PAMELIA C. DAVIS.

Middlesex.    November 13, 1924. — January 30, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Probate Court,* Jury issues, Appeal.    *Will,* Validity.

At the hearing by a judge of a probate court of a motion for the framing of issues for trial by jury relating to the proof of a will, no evidence was offered but counsel for the parties made extended statements as to the evidence within their knowledge and control, which statements were taken down and reported by a stenographer appointed under G. L. c. 215, § 18. The evidence described in the statements was conflicting. Some evidence described by the contestant, if believed on trial, would have warranted the setting aside of the will. Evidence described by the proponent, if believed, would have required the sustaining of the will. The judge denied the motion, and the contestant appealed. *Held,* that it was the duty of this court to examine the statements and the evidence relied on and to decide the case according to their own judgment, giving due regard to the findings of the judge of probate and to the fact that his discretion in refusing to frame the issues was of importance and weight.

At the hearing of the motion above described, evidence was described tending to show that the testator made his mark upon the will, and that his name was signed by his express direction, and the proponent's counsel described evidence which he would introduce tending to show that the execution of the will was in all respects as required by G. L. c. 191, § 1. *Held,* that in denying an issue as to whether the will was executed according to law, the judge of probate was right.

Upon the question as to the framing of an issue, whether the alleged testator at the time of the execution of the instrument was of sound mind, the contestant described evidence which he would offer tending to show that the testator was nearly seventy years of age and had suffered a shock, that a conservator had been appointed of his property within seven months of the date of his will, and that a nurse who was in attendance upon him and had signed as a witness to the will was of the opinion that the testator was of unsound mind at the time the will was signed. The proponent's counsel described evidence which he would offer as to many remarks of the alleged testator and to many facts and incidents tending to show that the testator was in possession of his faculties, that he fully understood the business before him, and that he was thoroughly competent to make a will; and also evidence tending to show that the nurse was prejudiced and biased, and that shortly after the making of the will the testator was removed from the home of the nurse and complained of lack of proper care on her part. *Held,* that the record did not show that the discretion of the judge of probate had been unwisely used; and that his decision in denying the framing of this issue should not be reversed.

PETITION, filed in the Probate Court for the county of Middlesex on April 10, 1924, for proof of the will of Charles R. Hill, late of Waltham.

The sole next of kin described in the petititon was "Pamelia Hill Davis," a daughter, who, under the name Pamelia Cole Davis, opposed the proof of the will and filed the motion for the framing of issues to be tried by jury described in the opinion.

The motion was heard in the Probate Court by *L. E. Chamberlain,* J., a stenographer having been appointed under G. L. c. 215, § 18, to take statements of counsel, no evidence being introduced. By order of the judge, a decree was entered denying the motion. The contestant appealed.

*E. C. Thayer,* for the respondent.

*J. J. Flynn,* (*J. I. Rooney* with him,) for the petitioner.

CARROLL, J. This is an appeal from an order of the Probate Court, denying a motion of the contestant to frame issues for trial by a jury, on a petition for the allowance of the

will of Charles R. Hill. These issues the contestant moved to have framed:

" 1. Was the instrument purporting to be the last will of said Charles R. Hill dated March 3, 1923 executed according to law?

" 2. Was the said Charles R. Hill at the time of the execution of said alleged will of sound mind?

" 3. Was the execution of said alleged will of said Charles R. Hill procured by the fraud or undue influence of Waldo and Wilford Hill or any of them, exercised upon the said Charles R. Hill? "

No evidence was offered, but counsel for the contestant and counsel for the proponent of the will made extended statements as to the evidence within their knowledge and control. *Cook* v. *Mosher*, 243 Mass. 149. A probate appeal on a stenographic report of the statements of counsel as to the expected evidence is before this court exactly as an appeal from a decree by a judge in equity with a full report of the evidence. Questions of law, as well as questions of fact, are to be determined by us, and it is our duty to examine the statements and the evidence relied on and to decide the case according to our own judgment, giving due regard to the findings of the judge of probate, and to the fact that his discretion in refusing to frame issues is of importance and weight, and will be carefully considered when his decision is before this court on appeal. *Fuller* v. *Sylvia*, 240 Mass. 49. *Cook* v. *Mosher, supra. Clark* v. *McNeil*, 246 Mass. 250, 255. *Old Colony Trust Co.* v. *Pepper*, 248 Mass. 263. *Wilbar* v. *Diamond*, 249 Mass. 568.

On the first issue there was evidence that the testator made his mark to the will, his name being signed by his express direction. The statement of the proponent's counsel showed that its execution was in all respects as required by G. L. c. 191, § 1. In denying this issue the judge of probate was right.

On the second issue (the unsoundness of mind of the testator) the contestant asserted that the testator was nearly seventy years of age, had suffered a shock, that a conservator had been appointed for his property in August, 1922, and that

the nurse, who was in attendance and witnessed the will, was of opinion that the testator was of unsound mind at the time the will was signed. On the other hand it appeared from the statements of the proponent's counsel, who related in great detail many remarks of the testator and referred to many facts and incidents, that the testator was in possession of his faculties, that he fully understood the business before him and was thoroughly competent to make a will. It was also stated that the nurse was prejudiced and biased, that shortly after making the will the testator was removed from her home, and that he complained of the lack of proper care on her part. We see nothing in the report of the expected evidence showing that the discretion of the probate judge was unwisely used. In our opinion, his decision in denying the framing of this issue should not be reversed. *Old Colony Trust Co.* v. *Spaulding,* 250 Mass. 400. *Clark* v. *McNeil, supra.*

As to the third issue, we find nothing in the report of the evidence indicating any abuse of discretion.

The decision of the Probate Court refusing the framing of issues must stand.

*Order affirmed.*