I. HAROLD ANGELL *vs.* EFFIE P. LIGHTHIPE.

Suffolk.   December 2, 1924. — February 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Will,* Validity.  *Unsound Mind.   Undue Influence.   Probate Court,* Jury issues.

Upon statements by opposing counsel at the hearing of a motion in a probate court for jury issues relating to the validity of an alleged will executed by a man nearly sixty-three years of age, described by the contestant, in evidence which he proposed to offer, to have been suffering from an incurable organic disease which affected his mind and to have been under the dominating influence of a woman who was a former employee, her husband and her attorney, to the exclusion of the contestant, his sole next of kin, and of his friends, an allowance of issues as to the soundness of mind of the alleged testator and whether he was subjected in the making of the alleged will to undue influence on the part of the persons named, was *held* to have been warranted.

PETITION, filed in the Probate Court for the county of Suffolk on March 11, 1924, for proof of the alleged will of Charles Nason Shaw, late of Boston.

Effie P. Lighthipe, first cousin of the alleged· testator and his sole next of kin, opposed the petition and presented a motion for jury issues, which was granted after a hearing by *Prest,* J., on statements by counsel described in the opinion. The petitioner appealed.

*S. Hoar,* for the petitioner.

*H. R. Bailey,* for the respondent.

BRALEY, J. The will of Charles N. Shaw having been offered for probate by the petitioner, the respondent, a first cousin and his sole heir at law, appeared as a contestant and upon her application the court framed the following issues to be submitted to a jury: "Was the said Charles N. Shaw at the time of the execution of said alleged will of sound mind?" "Was the execution of said alleged will . . . procured through the fraud or undue influence of Lillian H. Angell and Isaac Harold Angell and Robert E. Goodwin, or either of them?" The petitioner appealed. G. L. c. 215, §§ 9, 16. A stenographer was appointed under § 18, to take the evidence, but no witnesses were called. The contestant's counsel submitted an offer of proof with many specifications to which counsel for the petitioner replied by an offer consisting largely of a general denial. The proposed issues accordingly presented a controversy over matters of fact on which the establishment of the will ultimately depended. *Fuller* v. *Sylvia*, 240 Mass. 49.

It appeared that the testator, who was born February 1, 1861, made the alleged will December 29, 1923, and died March 5, 1924. While he had actively conducted a very successful and profitable business in company with one Page under the firm name of Page & Shaw as makers and vendors of candy, his health after the assets and good will of the partnership had been transferred to the corporation of Page & Shaw, Incorporated, began to be considerably impaired. In December, 1923, he was suffering from an incurable organic disease which affected his mind. He was subject to hallucinations, and believed that people intended to take his life. The death of his wife December 25, 1923, also affected his mental condition, and he became greatly agitated upon being informed that she had taken possession of bonds and securities approximating $200,000 in value, which he considered his own property. It was under these conditions that he went to a hospital for mental treatment, and while there executed his will. The first issue was properly allowed. *Whitney* v. *Twombly*, 136 Mass. 145, 146, 147. *Smith* v. *Brewster*, 247 Mass. 395.

We pass to the second issue. The testator in 1910 became

friendly with Lillian H. Forsaith, who was an employee of the partnership and by marriage in October, 1921, became the wife of Isaac Harold Angell. It could be found on the offer of expected proof, that through her influence he purchased land and buildings and had the title conveyed to her, and that while occasionally visiting his wife, he made his home with Miss Forsaith and her parents. This gift was followed by the purchase and conveyance to her of other parcels of land. She also received a substantial amount of stock of Page & Shaw, Incorporated, and all of the donations were in addition to her compensation as an employee. In the summer of 1919 and of 1920 she lived with him in the country at his hired house. Acting under her influence, the testator in 1920 also assisted in the formation of the Keswick Candy Company in which the contestant's husband Charles F. Lighthipe, an attorney at law, apparently a stockholder, served as director, and a retail candy store was started which was largely managed by Miss Forsaith, and although Mrs. Shaw strongly objected to the relations previously described, her objections were unavailing. But in 1921 Miss Forsaith, now Mrs. Angell, and Mr. Lighthipe disagreed concerning the management of the Keswick Candy Company, and the testator, who previously had been very friendly with Mr. and Mrs. Lighthipe, became hostile, and, influenced by Mr. and Mrs. Angell, terminated Lighthipe's employment as his counsel, and retained Robert E. Goodwin, Esquire, who had been employed by Mr. Angell in his own private business. A trip to California in 1923, induced by the Angells who accompanied him, was taken by the testator, who paid the expenses. Meanwhile he had become excitable, forgetful, and unmindful of his financial obligations. But, notwithstanding these infirmities, he bought early in 1923, at their inducement, a farm, the title being taken in the name of Mrs. Angell, and on which he made costly improvements. The end however was evidently approaching, and the testator, as has been said, went to a hospital in December, 1923, where he executed the will, and while there he was constantly attended by Mr. and Mrs. Angell, who prevented his friends from access to him. The closing

sentence of the ninth article of the will specifically declares, "I have intentionally omitted to make any gift to my cousin Effie P. Lighthipe, wife of Charles F. Lighthipe, or to said Charles F. Lighthipe, it being my will that neither he or she shall have a share in my estate." It was drawn by Mr. Goodwin, who also is an attesting witness, and the contestant's offer of proof states that Mr. Goodwin and Mr. and Mrs. Angell without any just cause were hostile to the contestant and her husband. The will itself, with the exception of $10,000 gives to Mrs. Angell and her husband, absolutely or in trust for their joint lives, or the survivor of them, his entire property.

It is true that undue influence, which is a species of fraud or partakes of the nature of fraud, must be operative at the time the will is executed, yet the judge could assume that the foregoing statements of counsel would be substantiated by evidence. *Bacon* v. *Bacon*, 181 Mass. 18. *Whitcomb* v. *Whitcomb*, 205 Mass. 310, 314. *Cook* v. *Mosher*, 243 Mass. 149. If so viewed, Mrs. Angell by reason of her personal relations with him, which continued in one form or another to the date of the will, had gained, and retained control over the testator's mind, by which he was induced to make a will cutting off Mrs. Lighthipe and giving to herself and husband the benefit of the bulk of his fortune, and in the accomplishment of this purpose Mr. Angell, who is named as executor, and Mr. Goodwin coöperated. *Emery* v. *Emery*, 222 Mass. 439. *Neill* v. *Brackett*, 234 Mass. 367, 370. *Raynes* v. *Sharp*, 238 Mass. 20. *Neill* v. *Brackett*, 241 Mass. 534. It cannot be said that there was any error of law in granting the second issue. *Old Colony Trust Co.* v. *Spaulding*, 250 Mass. 400.

*Order affirmed.*