FRANK J. ALLEN *vs.* WINIFRED ROUGHAN GUARENTE & another.

Norfolk.   March 13, 1925. — June 27, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court*, Issues for jury.

After a hearing by a judge of probate of a motion for jury issues, there was framed an issue, whether an alleged will was "executed according to law."   The record of the hearing showed slight, if any, evidence to show that there was failure to conform to the law in the execution of the instrument by the testatrix, including an understanding on her part of its contents.   Other issues also were framed by the same order and the petitioner for probate appealed from the order.   No argument was urged by the petitioner on the appeal relative to the issue above described.   *Held*, "with some hesitation," that, while the issue ought not to have been allowed unless there was a genuine contest based upon doubtful questions of fact, the order framing it on the record ought not to be reversed.

At the hearing of a motion by respondents, upon a petition for the proof of an alleged will of a woman, for the framing for trial by jury of an issue, whether the will was procured to be executed through undue influence of the husband of the alleged testatrix, the record showed an offer by the respondents to prove that the decedent was about sixty-eight years of age at the time of her marriage to the proponent, then about thirty-one years of age; that she had been a lifelong adherent of the Roman Catholic church, while he was a Christian Scientist; that they were not married by a Roman Catholic priest; that after the marriage the testatrix relaxed in observance of the rites of the Roman Catholic church and attended services of the Christian Science church with her husband, and that shortly before her death another marriage ceremony

at her request was performed by a Roman Catholic priest. The motion was granted. *Held*, that, while such evidence would have justified a conclusion that the issue could have been tried more satisfactorily by the court than by a jury, because such circumstances afforded a fertile field for appeal to religious prejudice and for ridicule of the somewhat unfamiliar phrases and other usages of the modern sect known as Christian Science, they did not require as a matter of law that the motion be denied.

*It was stated*, that if the nature of the trial on such issue as it progresses should make such course necessary, the presiding judge must immediately and completely repress direct or covert incitement of religious prejudice and open or veiled sarcasm or mockery of religious beliefs or affiliations: such consideration should have no proper place in a court of justice and ought utterly to be banished.

It is the duty and is within the power of the judge presiding at the trial of such an issue in such circumstances to see that a fair trial is had, and it cannot be presumed in advance that conduct of counsel will be permitted to go beyond established bounds, or that the attention of the jury will not be restricted to the real issues to be tried and all extraneous matters be excluded.

PETITION for the proof of an instrument alleged to be the will of Mary R. Allen, late of Brookline, filed in the Probate Court for the county of Norfolk on May 26, 1924, by Frank J. Allen, husband of the alleged testatrix and nominated as executor and trustee in the alleged will.

The petition was opposed by Winifred Roughan Guarente and by Robert Roughan, daughter and son, respectively, of the alleged testatrix, each of whom moved for the framing of jury issues. The motions were heard by *McCoole, J.*, a stenographer having been appointed under G. L. c. 215, § 18. Material offers of proof are described in the opinion. By order of the judge, the following issues were framed:

1. "Was the instrument now propounded for probate as the last will of Mary Roughan Allen late of Brookline in said County of Norfolk, deceased, executed according to law?

2. "Was said Mary Roughan Allen of sound mind at the time of the execution of the instrument which is now propounded as her last will?

3. "Was the instrument propounded for probate as the last will of said Mary Roughan Allen procured to be made by the fraud or undue influence of Frank J. Allen of said Brookline, exercised upon the said Mary Roughan Allen?"

The petitioner and certain persons named as legatees in the alleged will appealed.

*T. W. Proctor,* for the petitioner and legatees, appellants.

*S. L. Whipple,* (*C. B. Cross & L. H. Leary* with him,) for the respondents, appellees.

RUGG, C.J.    This is an appeal from an order of the Probate Court framing three issues for trial by jury concerning (1) the due execution of the alleged will of Mary R. Allen, (2) her soundness of mind, and (3) the fraud or undue influence of the proponent in procuring its execution.   The petitioner for the proof of the alleged will is the second husband of the decedent.

The general principles of law and practice which ought to govern the Probate Court in deciding under G. L. c. 215, § 16, whether to frame issues for trial by jury in a petition for the proof of a will have been declared, discussed and amplified in recent decisions.   They need not be repeated. *Fuller* v. *Sylvia,* 240 Mass. 49.   *Cook* v. *Mosher,* 243 Mass. 149.   *Clark* v. *McNeil,* 246 Mass. 250.   *Burroughs* v. *White,* 246 Mass. 258.

There was statement of expected evidence from the family physician of the decedent of such nature that it cannot be pronounced wrong to frame an issue on her soundness of mind.   *Whitney* v. *Twombly,* 136 Mass. 145.   *Becker* v. *Becker,* 238 Mass. 362.   *Needham Trust Co.* v. *Cookson,* 251 Mass. 160.   *Johnson* v. *Jenks,* 253 Mass. 25.

We are of opinion, also, that it cannot be said that the framing of an issue ought to be reversed respecting the fraud or undue influence of the proponent in procuring the execution of the instrument offered for probate.   It would serve no useful purpose to narrate the evidence.   The principles of law are well settled and need not be stated again.   *Neill* v. *Brackett,* 234 Mass. 367, and cases there cited; *S. C.* 241 Mass. 534.   *Raposa* v. *Oliveira,* 247 Mass. 188.   *Connell* v. *Sokoll,* 247 Mass. 203.   *Angell* v. *Lighthipe,* 251 Mass. 525. *Craig* v. *Lamoureux,* [1920] A. C. 349.

There is in the record slight, if indeed there is any, evidence tending to show that there was failure to conform to the law in the execution by the testatrix of the instrument

offered for probate, including an understanding on her part of its contents. *Richardson* v. *Richards,* 226 Mass. 240. That issue ought not to be allowed unless there is a genuine contest based upon doubtful questions of fact. It is comparatively rarely that the situation justifies the framing of that issue. In the case at bar no argument has been urged by the proponent, restricted to this point alone. In the light of all these circumstances, though with some hesitation, we are of opinion that the portion of the order framing that issue ought not to be reversed. *Old Colony Trust Co.* v. *Spaulding,* 250 Mass. 400.

The main contention of the proponent is that no issues ought to have been framed for trial to a jury. That contention is founded on the peculiar facts shown in the record. Succinctly stated, those facts are that the decedent was about sixty-eight years of age at the time of her marriage to the proponent, then about thirty-one years of age; that she had been a lifelong adherent of the Roman Catholic church, while he was a Christian Scientist; that they were not married by a Roman Catholic priest; that after the marriage the testatrix relaxed in observance of the rites of the Roman Catholic church and attended services of the Christian Science church with her husband, and that shortly before her death another marriage ceremony at her request was performed by a Roman Catholic priest. It is argued with earnestness that these circumstances afford a fertile field for appeal to religious prejudice and for ridicule of the somewhat unfamiliar phrases and other usages of the modern sect known as Christian Science. These elements of the case, so far as likely to make it "difficult if not impossible, for a jury to confine their consideration to those aspects of it which were legitimate to the issue," well might have been given weight in deciding whether to frame issues for trial by jury. *Fay* v. *Vanderford,* 154 Mass. 498. *Davis* v. *Davis,* 123 Mass. 590. *Ross* v. *New England Mutual Ins. Co.* 120 Mass. 113. The conclusion would have been justified that under all the existing conditions these issues could have been more satisfactorily tried by the court than by a jury. The statement as to the practice of the Supreme Judicial Court in *Fuller* v. *Sylvia,*

240 Mass. at page 53, that when "there is such a real and true question of fact to be tried supported by evidence of a substantial nature, then issues are framed in almost every case," plainly leaves it to the sound discretion of the court to decline to frame issues in cases where it would be hard for the jury to approach the consideration of the case without prejudice and in the spirit of judicial impartiality. Inquiry into the religious affiliations of the maker of the alleged will and of the direct parties to the contest may be relevant under appropriate circumstances. *Neill* v. *Brackett,* 234 Mass. 367, 369. But that inquiry falls far short of justifying an appeal to religious bias or passion or of warranting sarcasm toward particular sectarian views.

It cannot be said in the case at bar that the decision of the court below ought to be reversed on the ground urged. If the nature of the trial as it progresses makes such course necessary, the presiding judge must immediately and completely repress direct or covert incitement of religious prejudice and open or veiled sarcasm or mockery of religious beliefs or affiliations. These considerations can have no proper place in a court of justice and ought to be utterly banished. *Commonwealth* v. *Buzzell,* 16 Pick. 153. *Searle* v. *Roman Catholic Bishop of Springfield,* 203 Mass. 493. *Commonwealth* v. *Kazules,* 246 Mass. 564. The credibility of witnesses can be affected only by evidence of their disbelief in the existence of God. G. L. c. 233, § 19. *Commonwealth* v. *Smith,* 2 Gray, 516. *Commonwealth* v. *Burke,* 16 Gray, 33. Adherence to any particular sect is no basis for argument in this respect.

The power and the duty of the presiding judge are adequate, if wisely exercised, to see that in the ordinary case a fair trial is had. *Whitney* v. *Wellesley & Boston Street Railway,* 197 Mass. 495, 502. *Plummer* v. *Boston Elevated Railway,* 198 Mass. 499, 515. *Posell* v. *Herscovitz,* 237 Mass. 513, 515. It cannot be presumed in advance that conduct of counsel will go beyond established bounds, or that the attention of the jury will not be restricted to the real issues to be tried and all extraneous matters be excluded.

*Order framing issues affirmed.*