CHARLES F. ADAMS & others *vs.* MARY BARBOUR BLAIR.

Suffolk.    January 26, 1926. — February 26, 1926.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court,* Jury issues.

A daughter, who as the sole next of kin contested an allowance of an alleged will of her father, who had died at eighty-four years of age leaving an estate of about $3,300,000, of which, by the will, the daughter was given $200,000 in net cash and $20,000 per year in quarterly payments and the balance of which was given to three educational institutions, appealed from the denial of a motion to frame an issue for trial by jury as to soundness of mind of the testator. Upon consideration of the record, this court *held,* that the judgment of the judge of probate was exercised wisely and that his decision should not be reversed.

Although, upon an appeal from a denial by a judge of probate of a motion for the framing of issues upon a petition for the proof of a will, where evidence and offers of proof by the parties were taken by a stenographer appointed under G. L. c. 215, § 18, it is the duty of this court to examine the evidence and decide the question according to their own judgment, giving due weight to the finding of the judge, a finding made by the judge, after hearing the witnesses and the offers of proof made by counsel, is to be carefully regarded and will not be set aside unless plainly wrong.

PETITION, filed in the Probate Court for the county of Suffolk on March 13, 1925, for the proof of the will of Edmund Dana Barbour, late of Boston, dated June 11, 1914, and of a codicil dated January 10, 1921.

Mary Ella Blair, daughter and sole next of kin of the alleged testator, opposed the petition and moved for the framing for trial by jury of the following issue: "Was the said Edmund Dana Barbour at the time of the execution of the said alleged will of June 11, 1914, and codicil Jan. 10, 1921, of sound mind?" The motion was heard by *Prest,* J., a stenographer having been appointed under G. L. c. 215, § 18, to take the evidence. The counsel for the contestant presented a statement in writing of evidence the contestant was prepared to offer, augmented by further oral statement, and oral statements were made by the counsel for the peti-

tioner. A physician testified for the petitioners, and an alienist testified for the contestant. From a statement of findings and rulings filed by the judge, the following appeared:

The alleged testator died in his eighty-fourth year from arterio sclerosis and myocarditis leaving an estate of about $3,300,000. By the will and codicil, the contestant was to receive $200,000 in cash and $20,000 a year for life. The residuary legatees were Harvard University, Massachusetts Institute of Technology, and Radcliffe College. The contestant claimed that by a previous will, executed on September 14, 1900, she was the sole heir and executrix and that from that time on the testator said, in effect, that "she owns everything I have."

The contestant's offer of proof was of deep and continuing affection for the contestant on the part of the testator; and ill-feeling toward her husband, from whom she separated in 1913 and later was divorced; of insanity in the testator's family; of illness in his middle life; of severe nervous shocks in 1910, 1912, and 1916, owing to claims upon him based upon alleged illicit relations with women and a suit for alienation of affections brought against him by his daughter's husband; but, the judge found, "no medical evidence was offered as to these several serious nervous shocks." The contestant also offered to show that the testator feared revolution and a rising of labor against capital. The attending physician testified to no unsoundness of mind or loss of memory. The alienist, according to the summary in the judge's statement, testified, in effect, that he did not have senile dementia, that he was a psychopathic person, and that he was probably of unsound mind; but the alienist would not go farther than that.

The two concluding paragraphs of the judge's statement were:

"The will and documents are written in a fine firm script like hand, without tremor. So is the codicil. There are no gaps or breaks, no misspelled words, nothing incoherent, nothing irrational in will or codicil. On the contrary they are both clear as light.

"It appears that the testator was lecherous and penurious

and eccentric. But he must have been a tough old oak to have withstood all the ills and shocks he is alleged to have had and then to have quietly died in the eighty-fourth year of his age. And his codicil affirmed his will."

The motion was denied, and the respondent appealed.

*E. A. Whitman,* (*A. C. Blake* with him,) for the respondent.

*F. W. Knowlton,* for the petitioners.

CARROLL, J. This is an appeal from an order of the Probate Court, denying a motion to frame issues for a jury, upon a petition for the probate of the last will and codicil of Edmund Dana Barbour, late of Boston, who died March 5, 1925, in his eighty-fourth year, leaving an estate of about $3,300,000. The will is dated June 11, 1914, and the codicil January 10, 1921. His daughter, the contestant, is the sole surviving child. To her he gave "two hundred thousand dollars in cash, free of all federal and state inheritance taxes," and "twenty thousand dollars per annum in quarterly payments." The issue is, whether the testator was of sound mind when the will and codicil were executed. In the Probate Court the contestant filed a written offer of proof, supplemented by oral statements. Later testimony, which was given by a well known alienist, it was agreed, would be corroborated by another alienist, if called upon to testify. A stenographer was appointed under G. L. c. 215, § 18. The statements of counsel and the testimony of the physicians are part of the record.

The framing of issues for a jury, on a petition for the proof of a will, under G. L. c. 215, § 16, is a matter for the sound discretion of the court. It is unnecessary to recite the evidence; an examination of it does not show an abuse of discretion. The judgment of the probate judge was exercised wisely and his decision should not be reversed. *Wilbar* v. *Diamond,* 249 Mass. 568. *Old Colony Trust Co.* v. *Spaulding,* 250 Mass. 400. *Beal* v. *Davis,* 251 Mass. 175. *Allen* v. *Guarente,* 253 Mass. 152.

Although it is our duty to examine the evidence and decide the question according to our own judgment, giving due weight to the finding of the judge, a finding made by him, after hearing the witnesses and the offers of proof made by

counsel, is to be carefully regarded and will not be set aside unless plainly wrong.  *Wilbar* v. *Diamond, supra.  Connell* v. *Sokoll,* 247 Mass. 203.  *Smith* v. *Brewster,* 247 Mass. 395.

*Order affirmed.*