JOHN A. JOHNSON *vs.* EVELYN T. ANDERSON HARRIS.

Norfolk. November 15, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Probate Court,* Jury issues.

Upon an appeal from the denial of a motion in the Probate Court to frame an issue as to the soundness of mind of an alleged testator, it was *held,* that the judge well might have thought that statements of counsel and the substance of a former will, upon which the motion was heard, presented no genuine and doubtful question of fact as to the testator's capacity to make a will, and that the decree of the Probate Court ought not to be reversed.

PETITION, filed in the Probate Court for the county of Norfolk on July 8, 1925, for the proof of the will of Charles J. Anderson, late of Sharon.

Evelyn T. Anderson Harris, averring that she was a daughter of the alleged testator, contested the allowance of the will and filed the motion for jury issues described in the opinion. The motion was heard by *McCoole*, J., and was denied. The respondent appealed.

*C. C. Steadman*, for the respondent.

*G. P. Beckford*, for the petitioner.

SANDERSON, J. This is an appeal from a decree of the Probate Court denying a motion of the appellant to frame jury issues. The motion contained three issues, but at the hearing the only one which the appellant asked the court to frame was that relating to the testator's soundness of mind. The judge of the Probate Court acted upon statements of counsel and a former will of the decedent introduced in evidence in which the provision concerning the appellant was the same as in the will being offered for probate.

The controlling principles, in accordance with which a judge of probate is to act in reaching his decision on a motion to frame issues in such a case, have been frequently stated in recent adjudications of this court, and it is assumed in the case at bar that the judge of probate was guided by those principles in denying the motion. *Clark* v. *McNeil*, 246 Mass. 250. *Old Colony Trust Co.* v. *Spaulding*, 250 Mass. 400. It would serve no useful purpose to narrate the facts. The judge may well have thought that the statements presented no genuine and doubtful question of fact as to the testator's capacity to make a will. We are of opinion that, when all of the evidence offered is considered, the decision of the Probate Court ought not to be reversed. See *Old Colony Trust Co.* v. *Pepper*, 248 Mass. 263; *Wilbar* v. *Diamond*, 249 Mass. 568; *Beal* v. *Davis*, 251 Mass. 175; *Dwyer* v. *Ferren*, 255 Mass. 261.

*Decree affirmed.*