GEORGE L. MᴄIɴᴛᴏsʜ *vs.* GEORGE C. MᴄIɴᴛᴏsʜ.

Essex.     March 9, 1928. — April 4, 1928.

Present: Rᴜɢɢ, C.J., Bʀᴀʟᴇʏ, Pɪᴇʀᴄᴇ, Wᴀɪᴛ, & Sᴀɴᴅᴇʀsᴏɴ, JJ.

*Probate Court,* Jury issues, Appeal.   *Will,* Validity.

At the hearing of a motion that an issue for trial by jury be framed upon a petition for proof of a will, the respondent offered a statement of certain proposed evidence to show that the testator, who was eighty-three years of age at the time of his death, had suffered a shock twenty years before from which he had never fully recovered; that from his conduct he was suffering from "psychosis with cerebral arteriosclerosis, and that the characteristic of this form of mental disease is emotional instability"; and that he "was of unsound mind at the date of the execution" of the alleged will. A statement of proposed evidence by the petitioner, and evidence by the attorney who drafted the alleged will was to the effect that the testator, although suffering from infirmities natural to his age, was of sound mind. The testator died leaving as his only heir a son, who was the contestant, and several grandchildren, children of the son. By the will, certain property was left in trust for the son and his wife, and a large part of the property was given to grandchildren. It appeared that the son was a "hard drinker" who had been arrested many times. Nothing was given by the will to anybody outside the family. The judge found that there was not a genuine and doubtful question of fact as to the testamentary capacity of the testator, and denied the motion. *Held,* that no error was shown.

PETITION, filed in the Probate Court for the county of Essex on May 4, 1927, for proof of the will of Charles McIntosh, late of Gloucester.

The testator's only son and heir moved that an issue as to the soundness of mind of the testator when he executed the alleged will be framed for trial by jury. The motion was heard by *Dow*, J., upon statements of counsel and testimony by the attorney who drafted the will, a stenographer having been appointed under G. L. c. 215, § 18. The judge made a finding of facts under G. L. c. 215, § 11, that there was not a genuine and doubtful question of fact as to the testamentary capacity of the testator, and denied the motion. The respondent appealed.

*W. G. Clark*, for the respondent.

*R. C. Davis*, for the petitioner.

RUGG, C.J. This is an appeal from an order denying a motion to frame issues to be tried to a jury upon a petition for the allowance of an instrument purporting to be a last will. The only point argued is that as matter of law the issue, whether the deceased was of sound mind at the time of the execution of the alleged will, ought to have been granted.

The case was heard upon statements made by counsel for the contestants and for the proponents respectively as to the nature of the evidence each expected to be able to present and upon the oral testimony of the attorney who drafted the alleged will and was one of the witnesses to it. In behalf of the contestants it was stated that the deceased was about eighty-three years of age at the time of his death and had suffered from a shock about twenty years before, from which he had never fully recovered; that within three years before his death he had attempted to commit suicide; that, although owning property worth about $40,000, he had endeavored to gain admittance to two eleemosynary institutions; that he suffered on some occasions from delusions as to the conduct of others toward him; that he appeared childish; that he often wept; that sometimes he had illusions and was suspicious of some of his family; that he was irritable, his memory had failed, and he was unable to recognize those whom he knew, and that certain alienists upon a hypo-

thetical question including these descriptive factors would express the opinion that the deceased was suffering from a mental condition known as "psychosis with cerebral arteriosclerosis, and that the characteristic of this form of mental disease is emotional instability" and that he "was of unsound mind at the date of the execution" of the alleged will. Other matters and incidents were stated, but they need not be narrated because they seem to us to be ancillary and to add nothing decisive to the main contentions. The statement of evidence expected to be produced by the proponent showed in substance that the deceased had almost lost his eyesight and had the physical infirmities natural to his age, but that he was free from impairment of mental faculties and had testified in court in an important matter at about the time of the execution of the will. The attending physician would express the opinion that he was entirely sound in mind. The attorney who drafted the instrument offered for probate and who had done business with the deceased for thirty years testified at length as to the circumstances of its execution and what the deceased said concerning the reasons which actuated him and also as to the execution of an earlier will. His testimony tended to show that the deceased was of sound mind. It was conceded that his only heir at law was a "hard drinker," if not a "notorious drunkard," who had been arrested many times, and that the deceased thought he ought not to have money outright, that he had a fine wife and several children, of all of whom the deceased thought highly. By the alleged will certain property was left in trust for the heir at law of the deceased and for his wife, and a large part was given to his grandchildren. Nothing was given to anybody outside the family. A strong argument could be made that its terms were wise in view of the family conditions surrounding the deceased.

The principles of law which should govern judges of probate in determining whether to frame issues for trial by jury in petitions for the allowance of wills have been stated with care and fullness in recent decisions. *Fuller* v. *Sylvia*, 240 Mass. 49, 53. *Cook* v. *Mosher*, 243 Mass. 149, 152, 153. It is enough to refer to these adjudications without repeating

or paraphrasing what is there said. These principles have been applied in numerous cases where the facts were more or less similar to those here shown and where refusals to frame issues have been upheld. *Clark* v. *McNeil*, 246 Mass. 250. *Burroughs* v. *White*, 246 Mass. 258. *Cummins* v. *McCawley*, 241 Mass. 427. *Wilbar* v. *Diamond*, 249 Mass. 568. *Adams* v. *Blair*, 255 Mass. 152. *Beal* v. *Davis*, 251 Mass. 175. *Old Colony Trust Co.* v. *Pepper*, 248 Mass. 263. *Old Colony Trust Co.* v. *Spaulding*, 250 Mass. 400. *Union Trust Company of Springfield* v. *Magenis*, 259 Mass. 409. *Johnson* v. *Harris*, 258 Mass. 201. See also *Johnson* v. *Jenks*, 253 Mass. 25, and *Johnson* v. *Talbot*, 255 Mass. 155. There is nothing to indicate error on this record. This is not a case where the decision of the probate judge ought to be reversed. *Williams* v. *Fritz*, 255 Mass. 237. *Dwyer* v. *Ferren*, 255 Mass. 261.

*Order denying issues affirmed.*