ARTHUR I. CONNELL *vs.* CLARISSA E. SOKOLL.

Bristol.    October 23, 1923. — January 2, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, & PIERCE, JJ.

*Probate Court,* Framing of jury issues. *Will,* Validity.

On an appeal by one nominated as the executor in a will from a decree allowing a motion by one contesting the proof of the will for the framing of jury issues, where it appears that the motion was heard upon statements by counsel for the contestant of what he expected to prove at the trial of the issue, the decree ordinarily will not be reversed if it is supported by the statements of expected proof.

A motion, made by one contesting the proof of a will, for the framing of an issue to be tried by a jury as to whether or not the alleged testator was of sound mind when the instrument offered for proof was executed, was heard upon statements by counsel for the contestant of what he expected to prove, and was allowed. Material facts so offered in proof were, that the alleged testator's wife had died nearly five years before the will was made, and that even before that time a decidedly noticeable change had come over the attitude and actions and apparent mental processes of the alleged testator, he becoming morose and sullen with his family, subject to violent fits of anger, and ugly to his wife; that, by the alleged will, the contestant, a daughter of the alleged testator, was disinherited, and that in the alleged will he denominated her as " unfilial " and gave reasons for such disinheritance which were unfounded in fact and due to delusions and monomania with respect to money matters and to the contestant's marriage; that the alleged testator had handled the contestant's share of her mother's property as if it were his own, made inadequate allowance to the contestant, and had failed to make an accounting until she employed an attorney to compel an accounting; that the alleged testator insisted that the contestant was too young to marry, although she was twenty-four years of age and well educated and the man whom she intended to marry was of ability and good habits and the alleged testator at one time had assented to the marriage. *Held*, that the allowance of the motion was warranted.

A motion for the allowance of an issue presented by the contestant in the circumstances above described, whether the alleged will was procured to be executed by undue influence of two sisters of the alleged testator or of either of them, was allowed after being heard upon statements by counsel for the contestant offering to prove, besides the facts described above, numerous instances indicating that in matters relating to the management of his home, to the clothing and conduct of his daughter, the contestant, and to her marriage, he was controlled by the continuous and increasing influence of the sisters; that this culminated in the daughter's leaving home; that when she was about to be married the alleged testator and the sisters, with whom he then was living, refused to attend the wedding and wrote similar letters to the contestant referring to her " unloving demeanor " and " cruel treatment." *Held*, that the allowance of the motion for the framing of the issue was warranted.

PETITION, filed on February 14, 1923, in the Probate Court for the county of Bristol, for proof of the will of Charles W. Connell, late of Fall River, and the appointment of the petitioner as executor.

Clarissa E. Sokoll, a daughter and the sole next of kin of the alleged testator, opposed the petition and made a motion for the framing of the following jury issues:

" 1. Was the instrument purporting to be the last will of said Charles W. Connell, dated January 29, 1920, executed according to law?

" 2. Was the said Charles W. Connell at the time of the execution of the said alleged will of sound mind?

" 3. Was the execution of said alleged will of said Charles W. Connell, procured by the fraud or undue influence of Arthur I. Connell, Sarah J. Connell, Harriet E. Connell and William A. Connell or any of them, exercised upon the said Charles W. Connell? "

The motion was heard by *Hitch*, J., upon statements by counsel of what the respondent expected to prove. Material facts are described in the opinion. The judge allowed the motion. The petitioner appealed.

*A. E. Seagrave*, (*C. L. Baker* with him,) for the petitioner.

*J. M. Swift*, for the respondent.

DeCourcy, J. This is an appeal from the order of the Probate Court directing issues for a jury trial. The testator, Dr. Charles W. Connell, died on February 7, 1923, leaving as his only heir at law and next of kin his daughter Clarissa E. Sokoll, the contestant. By his will, dated January 29, 1920, he gave all his property to his brother Arthur I. Connell as trustee; the income to go to the said brother and his sisters Sarah J. and Harriet E. Connell, and the survivor of them; and on the death of the survivor, the principal to go to his nephew William A. Connell. The will states " I have not given or devised any of my property to my daughter, Clarissa, because of her unfilial conduct and because in my opinion she is possessed of all the property that she can wisely use." It further provides that if she should be in need during the continuance of the trust, the trustee might provide her " with such necessities as he shall deem sufficient." The issues framed relate to the testator's soundness of mind, and to the exercise of undue influence by his said two sisters.

In the Probate Court the motion for jury issues was heard on statements by counsel of what he expected to prove. The question is before us on appeal substantially as it was before the Probate Court, except that, by reason of the element of discretion involved in the action of the judge of probate, his order respecting the framing of issues ordinarily will not be reversed where it is supported by the statements

of expected proof. *Fuller* v. *Sylvia*, 240 Mass. 49. *Cook* v. *Mosher*, 243 Mass. 149. *Clark* v. *McNeil*, 246 Mass. 250.

It would serve no useful purpose to recite the statement in detail. On the issue of soundness of mind the indicated evidence was that even before his wife died (April 13, 1915) " a decidedly noticeable change came over the attitude and actions and apparent mental processes of Dr. Connell; he became a morose man, sullen with his family, subject to violent fits of anger; at times uncontrollable outbursts of passion, ugly to his wife, so that she stated she was afraid of him, and afraid to cross his wishes, . . . `and stated she was afraid to ask her sister to the house because of the way in which the husband would treat her about it." With reference to the alleged reasons for disinheriting her, the contestant offered proof tending to show that they were unfounded in fact, and due to delusions or monomania with reference to money matters, and to her marriage. As to money matters, the offer deals with the testator's handling of his daughter's share of her mother's property, as if it were his own; his inadequate allowance to her; and his failure to make any accounting until she employed an attorney to compel him to do so. With reference to the marriage, it deals, among other things, with his insistence that she was too young to marry, although more than twenty-four years of age, and well educated; and the fact that the young man she married was known by the testator to be one of ability and good habits. To characterize her conduct as " unfilial " because she married the man she loved, after her mother had approved of him, and the testator himself at one time had assented to the proposed marriage, is claimed by the contestant to be so irrational and unjustifiable as to indicate an insane delusion on his part, operating to cause him to disinherit his only child.

The alleged facts bearing on the issue of undue influence, in addition to some already referred to, are numerous instances indicating that in matters relating to the management of his home, to the clothing and conduct of his daughter, and to her marriage, he was controlled by the continuous and increasing influence of his two sisters. This culminated

in her leaving home.    And when she was about to be married, the testator and his sisters, with whom he then was living, refused to attend the wedding, and wrote similar letters to her, referring to her " unloving demeanor " and " cruel treatment."

While the inferences sought to be drawn from the proposed evidence may be overcome by evidence showing that the provisions of the will were justified, and were dictated by a free and sound mind, we cannot say there is not disclosed " a genuine and doubtful question of fact to be decided," and one " supported by evidence of a substantial nature." *Fuller* v. *Sylvia*, 240 Mass. 49, 53.    *Raposa* v. *Oliveira, ante,* 188, and cases cited.

*Decree affirmed.*