OLD COLONY TRUST COMPANY *vs.* EMMA K. PEPPER.

Suffolk.     January 8, 1924. — February 29, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Probate Court,* Appeal, Jury issues.   *Will,* Validity.

On an appeal from the denial of a motion for jury issues upon a petition for proof of a will, where it appeared that the motion was heard upon statements by counsel without oral testimony, *it was stated* that in view of the element of discretion involved in the action of the judge of probate, his order respecting the framing of issues ordinarily will not be reversed if it is supported by the statements of expected proof.

One of the issues sought upon the motion above described was whether the execution of the alleged will was procured by fraud or undue influence of a person named " or any other person, exercised upon the " alleged testator, and *it was stated* that such issue might well have been denied as too general and indefinite.

At the hearing of a motion for the framing of an issue, whether an alleged will was procured to be executed by the fraud or undue influence of one S " or any other person," it appeared that S was not a next of kin; that counsel for the contestant offered to show that S was the housekeeper of the deceased; that she collected the rents of his real estate and kept his books; that she was not a beneficiary under the will; that the deceased made no gift to the contestant, who was his sole next of kin; and that the reason given by him for making no gift to the contestant was that she was " amply provided with this world's goods, which was substantially true." There was no offer of any specific facts tending to show that the deceased was likely to be influenced by S in the disposition of his property or that she attempted to exercise such influence. *Held,* that the denial of the motion for the issue was warranted.

At the hearing of a motion for the framing of an issue whether an alleged testator had testamentary capacity, the contestant offered to show that the testator was suffering from tuberculosis and had a violent hemorrhage of the lungs and a pulse of one hundred and twenty on the day on which the will was executed, and that the acute stage of the disease did not occur until some months after the will was executed. There was no offer to show that the physical weakness indicated unsoundness of mind. It appeared that the contestant's counsel had the testator sign legal documents about a month before the date of the will. *Held*, that

(1) General allegations in the offer of proof by the contestant's counsel, such as that the contestant " expect[ed] to be able to establish the fact . . . that this man wasn't at the time he made this will, in a mental condition to understand what he was doing," could not prevail against the actual facts indicating that he had the contestant in mind;

(2) The denial of the motion for the issue was warranted.

PETITION, filed in the Probate Court for the county of Suffolk on December 20, 1922, for proof of the will of Rufus E. Lawrence, late of Chelsea.

The sole next of kin of the testator, Emma K. Pepper, appeared to contest the will and moved for jury issues, the second and third of which were as follows:

" 2. Was the said Rufus E. Lawrence at the time of the execution of the said alleged will, dated April 22, 1922, of sound mind?

" 3. Was the execution of said alleged will, dated April 22, 1922, of said Rufus E. Lawrence, procured by the fraud or undue influence of Daisy Edith Stillings, or any other person, exercised upon the said Rufus E. Lawrence? "

In the Superior Court, the motion was heard by *Dolan*, J., a stenographer being appointed under G. L. c. 215, § 18, to take the evidence. Statements of evidence proposed to be introduced were made by counsel. Material facts in such statements are described in the opinion. The motion was denied. The contestant appealed.

*M. W. Cottle*, for the respondent.

*S. E. Gifford*, for the petitioner.

DECOURCY, J. This is an appeal from an order of the Probate Court denying issues for a jury trial, on the petition for allowance of the will of Rufus E. Lawrence, late of Chelsea. The contestant Emma K. Pepper is sister, sole heir at law and next of kin of the deceased; and moved for the framing

of four issues. The first, relating to the execution of the instrument, is expressly waived. The meaning and propriety of the fourth have not been argued, and it must be treated as waived. The second and third relate to the issues of soundness of mind and undue influence.

Although the question is before us on appeal substantially as it was before the Probate Court, where the motion was heard on statements of counsel without oral testimony, yet, in view of the element of discretion involved in the action of the judge of probate, his order respecting the framing of issues ordinarily will not be reversed if it is supported by the statements of expected proof. *Cook* v. *Mosher*, 243 Mass. 149, 153. *Connell* v. *Sokoll*, 247 Mass. 203.

The proposed issue as to undue influence exercised by Daisy Edith Stillings " or any other person " might well have been denied as too general and indefinite. See *Fuller* v. *Sylvia*, 240 Mass. 49, 55. But, aside from that, on the alleged facts we cannot say that the issue ought to be submitted to a jury. Mrs. Stillings was the housekeeper of the deceased; she collected the rents on his real estate, and kept his books. She is not a beneficiary under the will. Even if she became unfriendly to the contestant when deprived by Mrs. Pepper of the collection of certain rents, it does not appear that she did anything designed to prejudice the testator against his sister. The reason given by him for making no gift to Mrs. Pepper, that she was " amply provided with this world's goods," was substantially correct. There is a significant absence of any specific facts tending to show that the testator was likely to be influenced by Mrs. Stillings in the disposition of his property, or that she attempted to exert such influence, such as ordinarily appears in will contests.

On the issue of the testator's testamentary capacity, the main facts alleged are that he was suffering from tuberculosis, and had a violent hemorrhage of the lungs and a pulse of one hundred and twenty on the day the will was executed. No offer was made to show that this indicated unsoundness of mind. It appeared that counsel for the contestant had him sign legal documents about a month before the date of

the will.   The acute stage of his disease did not occur until
some months after the will was executed; and he lived until
December 11 of that year.   General allegations, such as
that the contestant " expect[ed] to be able to establish the
fact . . . that this man wasn't at the time he made this
will, in a mental condition to understand what he was
doing," cannot prevail against the actual facts indicating
that he had the contestant in mind.   He distributed the
bulk of his estate among charitable organizations: a dis-
position not unreasonable or unjust to the contestant, in
the circumstances disclosed by this record.   *Clark* v. *McNeil*,
246 Mass. 250.   The decision of the Probate Court ought
not to be reversed.

*Order affirmed.*