MINNIE M. CROCKETT & another *vs.* JESSE BAKER SNOW.

Nantucket.  October 25, 1926. — January 4, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court*, Jury issues, Appeal. *Will*, Validity.

A motion, by one contesting a petition for the proof of a will, for the framing of jury issues was heard by a judge of probate upon interrogatories to the petitioner, who was charged by the contestant with having exercised undue influence over the deceased and his answers thereto, and upon statements by counsel for the respective parties of what was expected to be shown by evidence, and the judge rendered a decision in which he stated: "After a most prolonged and exhaustive study of references and authorities I am forced to the conclusion that no sufficient reason in law exists as shown by the replies to the interrogatories and a personal acquaintance with all the parties whereby undue influence is even suggested. And further realizing that it is the duty of the court not to lightly pass this class of cases to another tribunal unless a reasonable doubt exists in his own mind, I must deny the motion." The contestant appealed. *Held*, that

(1) The proceeding at the hearing was proper;

(2) The judge's decision was a denial of all issues even though one alone was mentioned by him specifically;

(3) The reference in the judge's findings to "personal acquaintance"

did not justify the inference of reliance upon information gained outside the court room;

(4) There was no reversible error of law in the judge's finding and decision.

No judge ought to decide a case upon anything except the evidence, or statements in place of evidence, presented to him at the trial; he cannot rightly act upon private information, but must hold himself absolutely unbiased by any and every consideration except those shown in court and those resting upon general knowledge and common experience. Per RUGG, C.J.

Upon an appeal from action by a judge of probate upon a motion for jury issues relating to the proof of a will, questions of fact as well as of law are brought before this court, whose duty it is to reach its own conclusions; and this is especially true where the motion is heard upon statements by counsel as to facts expected to be proved and answers to interrogatories propounded by the contestant to the petitioner for proof of the will.

PETITION, filed in the Probate Court for the county of Nantucket on March 26, 1925, for the proof of the will of Mary Elizabeth Snow, late of Nantucket.

The petition was opposed by Jesse Baker Snow, a brother of the deceased, who filed a motion for the framing for trial by jury of the following issues:

"1. Was the instrument propounded for probate as the last will and testament of Mary Elizabeth Snow, late of Nantucket, deceased, executed according to law?

"2. Did said Mary Elizabeth Snow execute said instrument with the understanding and purpose that it should be her last will and testament?

"3. Was the said Mary Elizabeth Snow of sound and disposing mind and memory at the time of the execution of said instrument?

"4. Was the alleged will procured to be made through fraud or undue influence of Minnie M. Williams?

"5. Was the said alleged will procured to be made through fraud or undue influence of Charles Gerald Snow?"

The motion was heard by *Riddle*, J. Proceedings before him and material portions of his decision are described in the opinion. The motion was denied and the respondent appealed.

*J. T. Kenney*, (*E. L. Marchand* with him,) for the respondent.

*A. W. Blakemore,* (*T. H. Russell* & *R. T. Fitz-Randolph* with him,) for the petitioners.

RUGG, C.J.　This is an appeal from the denial of a motion to frame issues to be tried to a jury on a petition for the allowance of the will of Mary Elizabeth Snow as to her soundness of mind and as to undue influence of one of the petitioners in causing the will to be executed.　The principles of law by which a probate judge ought to be guided under existing statutes have been stated at length in several recent decisions and need not be repeated.　*Fuller* v. *Sylvia,* 240 Mass. 49.　*Clark* v. *McNeil,* 246 Mass. 250.　*Burroughs* v. *White,* 246 Mass. 258.　*Connell* v. *Sokoll,* 247 Mass. 203. *Old Colony Trust Co.* v. *Pepper,* 248 Mass. 263.　*Old Colony Trust Co.* v. *Spaulding,* 250 Mass. 400.　It is to be presumed, in the absence of a contrary showing, that the judge of probate was guided by these principles in making his decision.

The case was heard by the Probate Court and comes before us upon interrogatories to the petitioner charged with having exercised undue influence over the deceased, and her answers thereto, and upon statements by counsel for the respective parties of what was expected to be shown by evidence.　This procedure was proper.　The judge of probate filed a decision the material part of which is in these words: "After a most prolonged and exhaustive study of references and authorities I am forced to the conclusion that no sufficient reason in law exists as shown by the replies to the interrogatories and a personal acquaintance with all the parties whereby undue influence is even suggested.　And further realizing that it is the duty of the court not to lightly pass this class of cases to another tribunal unless a reasonable doubt exists in his own mind, I must deny the motion."

There is no reversible error of law in this finding and decision.　It is comprehensive.　It is a denial of all issues, even though one alone is mentioned specifically.　Apparently five were then before the court, although only two are now pressed.　The reference to "personal acquaintance" does not justify the inference of reliance upon information gained outside the court room.　It seems rather to signify that, even if regard be had to the knowledge of the individuals

concerned possessed by the court and not revealed by the interrogatories and answers and by the statements of counsel, there still appeared no sufficient reason for granting the issues. No judge ought to decide a case upon anything except the evidence, or statements in place of evidence, presented to him at the trial. In reaching his conclusions, he should exercise judgment and discrimination as to the reliability of the evidence or expected evidence. He cannot rightly act upon private information. He must hold himself absolutely unbiased by any and every consideration except those shown in court and those resting upon general knowledge and common experience. It is a principle of our Constitution that every citizen has a right "to be tried by judges as free, impartial and independent as the lot of humanity will admit." Art. 20 of the Declaration of Rights. That principle does not appear to have been violated in the case at bar.

Questions of fact as well as of law are brought before this court on such an appeal as the present. It is the duty of this court to reach its own conclusions, especially in a case like the one at bar where no witnesses have testified orally. *Cook* v. *Mosher*, 243 Mass. 149, 153.

The entire record has been examined with care. Weight has been given to every argument put forward in behalf of the contestants. Without narrating or summarizing the interrogatories and the answers thereto and the facts expected to be proved on the one side and on the other, it is enough to say that no reason either in law or in fact is perceived for reversing the decision of the judge of probate.

*Order denying issues to a jury affirmed.*