OLD COLONY TRUST COMPANY *vs.* CHARLES A. LANDERS & others.

Middlesex. November 28, 1927. — January 9, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court,* Jury issues.

A denial of a motion that issues for trial by jury be framed upon a petition for proof of a will cannot be said to have been an improper exercise of discretion, where it appeared that the testator had died when eighty-four years of age, after being in good health for several years except for rheumatism and the ordinary afflictions of age; that he had begun taking morphine, because of pain caused by rheumatism about five months before his death, with the knowledge of his physician and the assistance of a woman, at whose home he had occupied a room for about five years before his death and to whom by his will he gave the residue of his estate "in recognition of her faithful care of me"; that the will was executed forty-eight hours before his death in the presence of two physicians; and that during the three or four weeks before his death

the testator had seen no one except the two physicians who were witnesses to his will, the residuary legatee, and possibly members of her family.

PETITION, filed in the Probate Court for the county of Middlesex on October 30, 1926, for proof of the will of Thomas Savage, otherwise known as Thomas Ready, late of Somerville.

Certain alleged next of kin moved that issues, stated in the opinion, be tried by a jury. The motion was heard by *Leggat*, J., and was denied. The respondents appealed. The judge made a finding of facts under G. L. c. 215, § 11.

The case was submitted on briefs.

*G. E. Healey*, for the respondents.

*N. Leonard*, for the petitioner.

CARROLL, J. On this motion for the framing of issues for a trial by jury, an offer of proof in writing was presented to the judge of probate. The motion was disallowed. The contestants, who were legatees under an earlier will, appealed.

The will in controversy was dated July 27, 1926. The testator was eighty-four years of age at the time of his death. He had been in good health for several years previous to his death, except that he suffered from rheumatism and the ordinary afflictions of old age. The contestants offered to show that about February, 1926, he began taking morphine because of the pain caused by rheumatism; that morphine was taken with the knowledge of his physician, and with the assistance of Mrs. Hogan at whose home he occupied a room for about five years before his death and to whom he gave the residue of his estate "in recognition of her faithful care of me"; that on July 26 or 27 the testator was very sick, and one of the contestants telephoned to the home of Mrs. Hogan and was told by her that the testator could not be seen; that on this day, about forty-eight hours before his death, the will was executed; that Dr. Trueman and Dr. Bond were present when the will was signed; that during the three or four weeks before his death the testator saw no one except Dr. Trueman, Dr. Bond, Mrs. Hogan and possibly members of her family. There was additional evidence which we do not think it necessary to recite in detail.

The issues were (1) Was the will executed according to law? (2) Was the testator of sound mind? (3) Was the execution of the will-procured by the fraud or undue influence of Catherine V. Hogan or Harmon S. Trueman or either of them?

We have examined the offer of proof and the statements contained therein. But giving to the decision of the judge of probate the weight to which it is entitled we see no reason for disturbing it. He was not plainly wrong, and in the exercise of a sound discretion could refuse to frame the issues. *Union Trust Co. of Springfield* v. *Magenis*, 259 Mass. 409. *McMann* v. *Murphy*, 259 Mass. 397. It is to be presumed that the judge in deciding as he did followed the principles stated in *Fuller* v. *Sylvia*, 240 Mass. 49. See *Cook* v. *Mosher*, 243 Mass. 149; *Clark* v. *McNeil*, 246 Mass. 250. There was no error in the decision of the Probate Court.

*Order denying the motion affirmed.*