Josiah H. Gifford *vs.* Clara E. Patten & others.

Essex.    December 10, 1928. — December 13, 1928.

Present: Rugg, C.J., Crosby, Carroll, Wait, & Sanderson, JJ.

*Probate Court*, Jury issues.

Statement by Rugg, C.J., of the principles of law governing the allowance or denial by a probate court of a motion to frame issues for a jury trial touching the proof of an instrument purporting to be a will and the review by this court of action by a probate court upon such a motion.
On examination of the record upon an appeal from the denial of such a motion, it was *held*, that statements presented by contestants in the Probate Court did not require the framing of issues.

PETITION, filed in the Probate Court for the county of Essex on March 20, 1928, for proof of the alleged will of Julitta E. Prescott Harford, late of Danvers.

Five of ten next of kin named in the petition moved for the framing of issues for trial by jury, whether the alleged will was executed according to law, whether the alleged testatrix, when the instrument was executed, was of sound mind, and whether the instrument was procured to be executed in whole or in part by the fraud or undue influence of Everett A. Ober. The motion was heard by *Dow*, J., upon statements of counsel, and was denied. The respondents appealed.

The case was submitted on briefs.

*G. H. Lucey & J. H. Amsbury*, for the respondents.

*U. G. Haskell*, for the petitioner.

Rugg, C.J. This is an appeal from an order by the Probate Court denying a motion to frame issues for a jury trial touching the allowance of an instrument purporting to be

the last will and testament of Julitta E. Harford. The guiding principles of law governing the allowance of jury issues in such a case under present statutes have been settled and declared in numerous recent cases. The province of the Probate Court is to determine whether there is evidence of facts which present a real question proper for judicial inquiry, or whether the opposition to the will is unfounded in law, resting on the disappointment or anger of a dissatisfied heir or on his hope, by threatening trouble and expense to the estate, to induce the legatees to buy a settlement. When there is a genuine and doubtful question of fact supported by evidence of a substantial nature, issues ought commonly to be framed, in other cases denied. *Fuller* v. *Sylvia,* 240 Mass. 49. *Cook* v. *Mosher,* 243 Mass. 149. *Clark* v. *McNeil,* 246 Mass. 250. *Burroughs* v. *White,* 246 Mass. 258. *Connell* v. *Sokoll,* 247 Mass. 203. *Union Trust Co. of Springfield* v. *Magenis,* 259 Mass. 409. *Brackett* v. *Harris,* 263 Mass. 334, 336, 338. While the action of the Probate Court in granting or denying jury issues in a will case will not be reversed unless plainly wrong, this court has the duty of reviewing the case and deciding the question according to its own judgment. The matter does not rest wholly in the discretion of that court and this court does not hesitate to reverse an order of this nature where established practice requires. See for example *Smith* v. *Brewster,* 247 Mass. 395. It must be presumed that these established principles were followed by the trial court.

The case was heard on statements by counsel of what was expected to be proved. Those statements need not be narrated in detail. It is enough to say that on careful examination we are of opinion that those presented in behalf of the contestants did not require the framing of issues.

*Order denying issues affirmed.*