MERRITT W. THWING *vs.* EDWIN COUTTS.

Berkshire.   September 17, 1929. — October 2, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Probate Court*, Jury issues. *Will*, Validity. *Unsound Mind. Undue Influence.*

A motion for jury issues, whether an alleged will of a widow of advanced years having a son and a married daughter was executed when the alleged testatrix was of sound mind, and whether it was procured to be made by fraud or undue influence of the husband of her daughter, properly was allowed upon an offer of proof, that the alleged testatrix, when the will was executed, for some months had been unable to talk connectedly on any subject and that the husband of the daughter had exerted influence on her, had procured possession of a bank account of hers, and, just after the alleged will was executed, had said, "It's good and tight. I have got them where I want them. If . . . [the son] had done his part I would have gone fifty-fifty, but they are not going to make a monkey out of me. I am entitled to the property."

PETITION, filed in the Probate Court for the county of Berkshire on November 28, 1928, for proof of the will of Elizabeth Coutts, late of Pittsfield.

Edwin Coutts, son and sole next of kin, opposed the petition and moved for the framing of issues for trial by jury. The motion was heard by *Robinson,* J., and the following issues were framed:

"Was said Elizabeth Coutts of sound mind at the time of the execution of the instrument which is propounded as her last will.

"Was the instrument propounded for probate as the last will of said Elizabeth Coutts procured to be made by the fraud or undue influence of Merritt W. Thwing, of Pittsfield, in our said county of Berkshire."

The petitioner appealed.

*J. B. Cummings,* (*J. M. Rosenthal* with him,) for the petitioner.

*F. M. Myers,* for the respondent.

SANDERSON, J.   The Probate Court framed two issues for the jury upon the petition of Merritt W. Thwing for the probate of the will of Elizabeth Coutts.   One was whether the execution of the document offered for probate was procured by the undue influence of Merritt W. Thwing, and the other, whether Elizabeth Coutts was of sound mind at the time of the execution by her of that document.   The appeal from this order presents the question for decision.

The evidence of the contestant was contained in an offer of proof by counsel in which it appears that Mrs. Coutts, at the time of the execution of the instrument, was about eighty years of age and lived with her daughter Vesta, wife of Merritt W. Thwing.   Her other child, a son, was in business in New York.   By the instrument offered for probate the son was to receive $500, and all the residue of her property was to go to her daughter Vesta.   "If, however, said Vesta W. Thwing does not survive me, then I leave all said rest, remainder and residue of my property hereinbefore bequeathed and devised to my said Daughter Vesta, to Merritt W. Thwing, husband of said Vesta W. Thwing, of said Pittsfield."   Merritt W. Thwing was

named executor. The property of Mrs. Coutts consisted of real estate in New York, in which a jewelry store was conducted by her son. At the time of the death of the husband of Mrs. Coutts, she gave her interest in the jewelry store to the son who conducted it and paid rental for the building to his mother. Mrs. Coutts at one time had $4,000 in the bank, and about eighteen months before her death, when confined to her bed, she made out papers to transfer it into the joint names of herself, her daughter and Merritt W. Thwing. It is now in the possession of Merritt W. Thwing.

About two years before the will was executed there was family trouble between Mr. and Mrs. Thwing which led to their leaving the house and the separation of the wife from her husband. Later they returned. There was evidence as to Mrs. Coutts's reaction to what she understood to be her son-in-law's treatment of her daughter, and her feelings in the matter remained unchanged after the daughter's return. The document was executed on the third day of July, 1928. In the later part of 1927 people who saw Mrs. Coutts from time to time found that there were very few occasions when they were able to talk with her; she was unable to talk connectedly on any subject. The daughter Vesta, who predeceased her mother and who died seven days after the will was executed, had said, "Mother has lost her mind." Many times Mrs. Coutts had difficulty in recognizing visitors who had been neighbors for years, and was unable to carry on conversation with them. The daughter had said before the instrument was executed that her mother's mind was rapidly growing weaker. It further appeared that evidence would be offered to show the inability of Mrs. Coutts to sign her name; that about the time the will was made witnesses who saw the mother and were in the room with her perhaps twenty minutes tried to talk with her and found her unable to answer questions, failing to recognize one witness who had been a close friend of hers and next door neighbor for years; that the witnesses who will testify to their inability to talk or carry on a conversation are people who are not

interested in the financial side of the estate. The day before the instrument offered for probate was drawn the daughter had a shock and was unconscious from that time; her husband had said that he knew from the first that there was no chance of her recovering.

After the death of the daughter and within a few days after the will was drawn Merritt W. Thwing said, "Mother has made a new Will . . . I had the attending physician and my lawyer attend to it." In reply the person addressed said, "You don't feel good about it?" Thwing answered, "It's good and tight. I have got them where I want them. If Edwin had done his part I would have gone fifty-fifty, but they are not going to make a monkey out of me. I am entitled to the property." The contestant would offer evidence that the daughter Vesta, when asked why she did not have her mother arrange to take care of her financially, said, "I can't make her do a thing for me," and that thereupon her husband said, "I will get it fixed for you"; that he then went upstairs and when he came down he said "There I have it all fixed"; that Merritt W. Thwing also said that Edwin's mother had told her son everything; but that testimony would be offered tending to show that Edwin had asked his mother if she had made a new will in October, 1928, and she had said "No"; that the son Edwin and his mother were most friendly up to the time of her death.

The evidence offered by the proponent of the will tended to prove that it was properly executed, at a time when Mrs. Coutts was of sound mind, and that no improper influence was used upon her.

We are of opinion that the evidence offered by the contestant, without giving any consideration to the statement of the daughter that her mother had lost her mind, was of a substantial nature upon which the contestant might base a reasonable hope of a finding favorable to him on both issues framed. *Fuller* v. *Sylvia*, 240 Mass. 49, 53. *Cook* v. *Mosher*, 243 Mass. 149, 152, 153. *Connell* v. *Sokoll*, 247 Mass. 203. *Gifford* v. *Patten*, 265 Mass. 362.

*Decree affirmed.*