FREDERIC J. CROSBY *vs.* JAMES E. TRACY & others.

Suffolk. December 5, 1934. — February 27, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Probate Court*, Jury issues. *Will*, Validity. *Undue Influence.*

Where a motion for jury issues by the respondent in a petition for proof of a will is heard by the judge of probate upon statements of expected evidence by counsel, an element of discretion is vested in the judge; and, upon an appeal from his decision, this court will give consideration to that element and some weight to his decision.

The granting of a motion to frame a jury issue as to whether an alleged will, executed by a woman shortly before her death, was procured to be executed by fraud or undue influence of a neighbor of the decedent was affirmed on appeal where statements of expected evidence by counsel showed that when the alleged will was made the decedent was seventy-eight years of age and of impaired mentality; that previous wills had been made in which she gave substantial legacies to nephews who were her next of kin; and that in the alleged will she gave her nephews only nominal remembrances and gave the rest of the estate to the neighbor, who began to pay attention to her only a few months before the alleged will was made and who had ample opportunity for the exercise of undue influence.

PETITION, filed in the Probate Court for the county of Suffolk on January 25, 1934, for proof of the will of Delia C. Tracy, late of Boston.

Next of kin of the decedent moved for jury issues. The motion was heard by *Dolan*, J., and an issue was framed as described in the opinion. The petitioner appealed.

*F. J. Murray*, for the petitioner.

*J. F. Dever*, for the respondents.

RUGG, C.J.　This is an appeal from an order framing an issue to be tried to a jury to determine whether an instrument dated January 5, 1934, offered for probate as the last will of Delia C. Tracy, was procured to be made by the fraud or undue influence of Helen C. Evans. The case was heard upon statements made by counsel for the respective parties as to the evidence expected to be produced at the trial. The decedent, a resident of Boston, died on January 21, 1934, at the age of about seventy-eight years, leaving as her only heirs at law three nephews, also residents of Boston, with whom she appears to have been on good terms. By the instrument in question, not drafted by her regular attorney, each of the nephews was given $1, and the rest of the estate amounting to several thousand dollars was given to Mrs. Evans. A will was executed in 1931 whereby legacies aggregating $3,500 were given to the nephews and the balance of the estate was given to charities. Another will was executed in April, 1932, whereby the entire estate was given to the nephews. The decedent lived with one of her nephews at his home for several months in 1932 but returned to her own house in the summer of that year, and lived there with another nephew until about Thanksgiving, 1933. At that time she was taken by the friend who is named executor in the controverted instrument to a home for invalids and was cared for there until her death. The nephews were not notified of this removal, made search for her but did not find her until shortly before her death. Mrs. Evans was a neighbor, began to pay attention to the decedent in the summer of 1933 and was an increasingly frequent visitor until her death. She was at the semiprivate hospital very often with small gifts for the

decedent, generally telephoning on days when she could not call. There were statements made indicating failing mentality on the part of the decedent. An issue of unsoundness of mind was denied, but that might be a factor on the issue of undue influence.

The controlling principles of law have been frequently stated. There must be sufficient evidence to raise a genuine and honest issue of fact and to give basis for a reasonable hope of a result favorable to the contestants. *Fuller* v. *Sylvia*, 240 Mass. 49. *Cook* v. *Mosher*, 243 Mass. 149. *Johnson* v. *Talbot*, 255 Mass. 155. *Wilbar* v. *Diamond*, 249 Mass. 568. Some weight must be attached to the decision of the judge. An element of discretion is vested in him which will be given consideration on appeal. *Clark* v. *McNeil*, 246 Mass. 250, 255. *Bemis* v. *Andrews*, 280 Mass. 409. *Cranston* v. *Hallock*, 281 Mass. 182, 184.

The age and impaired mental activity of the decedent, the circumstances that previous wills had been made giving substantial legacies to the natural objects of her affection and that the instrument in controversy gave her kindred only nominal remembrances and bestowed the estate on a comparative stranger only recently come into her life, who had ample opportunity for the exercise of undue influence, are factors to which weight might have been given in reaching a decision on the question in issue. We are of opinion that the order ought not to be reversed. *Hoffman* v. *Hoffman*, 192 Mass. 416. *Neil* v. *Brackett*, 234 Mass. 367. *McMann* v. *Murphy*, 259 Mass. 397. *Eddy* v. *Eddy*, 281 Mass. 156, 160. *Smith* v. *Patterson*, 286 Mass. 356.

*Order affirmed.*