HENRY F. WOOD *vs.* AGNES R. McDONALD & others.

Suffolk.    October 5, 1954. — February 8, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Probate Court,* Jury issues.  *Will,* Validity.  *Undue Influence.*

Statements of expected evidence by counsel and answers to interrogatories
in a contested will case showed no error in the denial of a motion for
a jury issue as to whether the alleged will of a widow was procured
to be made through undue influence of her brother, although it ap-
peared that three sisters and a niece besides him survived the widow,
that he was an attorney, drew the will, was named as executor, and
as residuary legatee was given the bulk of a substantial estate, that the
will contained a clause revoking legacies to persons contesting it and
directing that such legacies fall into the residue, and that the testa-
trix did not have the benefit of independent advice respecting the will.

PETITION, filed in the Probate Court for the county of
Suffolk on January 27, 1953, for proof of the will of Florence
A. Heffernan, late of Boston.

Motions for jury issues were heard by *Wilson, J.*

*James M. Graham,* (*Daniel W. Casey* with him,) for the
contestants.

*Samuel P. Sears,* (*George E. Mears & Joseph F. Henry*
with him,) for the proponent.

COUNIHAN, J.    These are appeals from orders of the Pro-
bate Court denying motions to frame issues for trial by
jury concerning an instrument offered for probate as the
last will of Florence A. Heffernan, late of Boston.  The only
issue argued is, "Was the execution of said alleged will of
said Florence A. Heffernan procured by the fraud or undue
influence of Henry F. Wood exercised upon the said Florence
A. Heffernan?"  The motions were submitted to the judge
upon oral statements of expected evidence by counsel for
the contestants and counsel for the proponent together with

the interrogatories submitted to the proponent and his answers. A transcript of these statements, the interrogatories, and the answers appear in the record. There was no error.

The record discloses that the decedent executed the instrument offered for probate on July 19, 1949, a few months after the death of her husband. She died on January 23, 1953, about three and one half years later. Surviving her were her brother Henry F. Wood, three sisters, and a niece. The estate was inventoried at over $281,000 all in personal property. One sister was given a comparatively small legacy for an estate of this size. With the exception of a few small legacies to members of the family of Mr. Wood and others, Mr. Wood received the balance of her estate. The instrument offered for probate contained a clause providing for revocation of all legacies to persons directly or indirectly contesting the instrument offered for probate and directing that such legacies become a part of the residue of her estate. Mr. Wood was named as executor without surety. The instrument was drawn by Mr. Wood who is an attorney, and it is fair to infer that it was drawn without the benefit of any independent advice to the decedent.

We are of opinion that this case is governed by the principles of law set forth in *Hannon* v. *Gorman,* 296 Mass. 437, where at page 438 this court said, "The principles of law governing the framing of issues in a case like the present have been frequently stated, are thoroughly established, and need not be repeated at length. . . . Briefly stated, the question is whether there appears to be a genuine question of fact supported by evidence of such substantial nature as to afford ground for reasonable expectation of a result favorable to the party requesting the framing of issues. . . . The decision of the probate judge adverse to the motion is entitled to weight even though the record discloses everything which was before him. An element of discretion is vested in him which will be given weight on appeal. . . . A recital of expected testimony as made on the one side and on the other would add nothing to the jurisprudence of

the Commonwealth. . . . A careful reading of the record shows that the denial of the motion was right."

We believe that the circumstances attending the execution of this instrument, whether the attorney drawing it is one of the next of kin or not, should be viewed with great circumspection for possibly a situation may be created which should be considered with jealous scrutiny and caution by this court. These circumstances, however, are not conclusive in determining the question of framing jury issues. See *Wellman* v. *Carter*, 286 Mass. 237, 248; *Frawley* v. *Snell*, 299 Mass. 398, 404. They are rather matters which should be carefully considered by the probate judge at a hearing on a motion for jury issues or on the merits.

After a thorough analysis of the statements of expected evidence by counsel for the proponent and counsel for the contestants, both of which have been given due consideration, we are of opinion that the probate judge was not wrong in denying the motions. We believe that this case falls within the class illustrated by *Fuller* v. *Sylvia*, 240 Mass. 49, *Clark* v. *McNeil*, 246 Mass. 250, *Old Colony Trust Co.* v. *Pepper*, 248 Mass. 263, *Wilbar* v. *Diamond*, 249 Mass. 568, *Edwards* v. *Cockburn*, 257 Mass. 153, *Old Colony Trust Co.* v. *Landers*, 262 Mass. 268, *Gifford* v. *Patten*, 265 Mass. 362, *Cranston* v. *Hallock*, 281 Mass. 182, *Gallagher* v. *Cullinan*, 292 Mass. 266, *Hannon* v. *Gorman*, 296 Mass. 437, *Frawley* v. *Snell*, 299 Mass. 398, and *Slater* v. *Munroe*, 316 Mass. 129, rather than *Tarr* v. *Vivian*, 272 Mass. 150, and other cases upon which the contestants rely. See *Burroughs* v. *White*, 246 Mass. 258; *O'Brien* v. *Collins*, 315 Mass. 429, 435.

The case at bar is similar in some respects to *Frawley* v. *Snell*, 299 Mass. 398, and requires a like decision.

*Orders denying jury issues affirmed.*